Ira Milton Jones, Milwaukee, Wis., and D. R. Fraser, Toledo, Ohio, for plaintiff.

Charles A. Prudell, Milwaukee, Wis., for defendant.

### ORDER

REYNOLDS, District Judge.

This suit is for patent infringement. The defendant has moved this court to dismiss the action without prejudice because of a failure of the plaintiff to include an "indispensable party." The defendant suggests that the plaintiff is the owner of the patent in suit and that Burgess Vibrocrafters, Inc., a Delaware corporation, is the exclusive licensee of the plaintiff's patent. Defendant also proposes that joinder of Burgess will not deprive this court of jurisdiction of this case.

Article 7 of the license agreement between the plaintiff and Burgess provides:

"It is mutually understood and agreed that in the event that any patent included within the Patent Rights of this agreement is infringed

Edmund C. NORVELL, Jr., an Individual, Plaintiff,

v.

McGRAW-EDISON COMPANY, a Private Corporation, Defendant.

No. 65-C-205.

United States District Court
E. D. Wisconsin.

June 29, 1967.

by a third party to such an extent as materially to interfere with Licensee's business hereunder, and Licensee shall give notice of such infringement to Licensor, and if within three (3) months of the date of such notice Licensor has not commenced a patent infringement suit against such infringer Licensee may bring suit in its own name, and may join Licensor as a party plaintiff. Upon commencement of such suit by Licensee, royalties otherwise due and payable to Licensor under this agreement shall be subject to withholding by Licensee to the extent of fifty per cent (50%) of such royalties otherwise due to be applied to compensate Licensee for all out-of-pocket expenses, including attorneys' fees of such litigation, until Licensee shall have been fully compensated for said expenses. Any recoveries of any nature from such infringement suit brought by Licensee shall first be applied to reimbursement of Licensee for any costs and expenses of such litigation not covered by the application of royalties as above provided, and the remainder shall be paid to Licensor."

 Since the amendments to Rule 19 of the Federal Rules of Civil Procedure, the former designations of proper, necessary, and indispensable parties have given way to the concept of parties regarded as indispensable by the Court for just adjudication. Whenever joinder of a party is not feasible, the Court must determine whether such party's presence is indispensable for just adjudication. Rule 19(b) of the Federal Rules of Civil Procedure suggests the factors to be considered by the Court in this determination. In the instant case, however, neither plaintiff nor defendant has suggested that the joinder of Burgess is not feasible. See Rule 19(c) of the Federal Rules of Civil Procedure.

 It appears to this Court that Burgess, the exclusive licensee of the patent in suit, is an interested party which will be affected by any decree which affects that patent. Burgess' interests are certainly adverse to those of the McGraw-Edison Company. It might well be assumed, but it is not absolutely clear at this time, that the interests of Norvell and Burgess are precisely the same. Under these circumstances this Court is of the opinion that Burgess Vibrocrafters, Inc., should be joined as a party to this lawsuit. Rule 19(a), Federal Rules of Civil Procedure. S. C. Johnson & Son, Inc. v. Boe, 187 F.Supp. 517 (E.D.Pa.1960); Nachod & United States Signal Co. v. Automatic Signal Corporation, 105 F.2d 981, 984 (2d Cir. 1939); Klumb v. Roach, 151 F.2d 374 (7th Cir. 1945).

For the foregoing reasons,

It is ordered that defendant's motion to dismiss should be and the same hereby is denied.

It is further ordered that Burgess Vibrocrafters, Inc., be and the same hereby is joined as an involuntary party plaintiff in the above-captioned case.

It is further ordered that Edmund C. Norvell, Jr., and McGraw-Edison Company serve their respective pleadings upon Burgess Vibrocrafters, Inc., within twenty days from the date of this order.