**SUN YEONG LEE, Plaintiff,**

v.

**James R. THOMPSON, Defendant.**

**Civ. A. No. 589–69–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Feb. 27, 1970.

Joseph A. Gawrys, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

William E. Baggs, Breeden, Howard & MacMillan, Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, District Judge.

The plaintiff, a citizen and resident of the Republic of Korea, served as a member of the crew of a Korean merchant vessel, Motor Vessel KYUNG JU, which made a call at the port of Hampton Roads to load cargo. While on authorized shore leave in the City of Chesapeake, Virginia, the plaintiff alleges that while a passenger in defendant's automobile, he sustained injuries in a collision caused by defendant's gross negligence.

Defendant maintains that the ship's agent has expended considerable funds for the medical care and maintenance and cure of the plaintiff, which it may have a right to assert against defendant, and therefore moves that the shipowner, Korea United Lines, be made a party to these proceedings. Defendant asserts that there is limited liability coverage for the injuries asserted, and that plaintiff has asserted a claim for all medical expenses, loss of wages, and other damages; that if said sums are recovered by or paid to plaintiff, and not in turn paid over to the shipowner, shipowner may attempt to recover said sums from defendant. The motion states, "Complete relief can not be accorded this defendant in the present action because of the possible claim of Korea United Lines against the defendant for maintenance and cure."

The "shore leave" cases are not new to the courts and the question of the employer's right to indemnity from the tort-feasor has not brought forth a clear rule for easy application. In general, two divergent views have emerged. One, arising out of The Federal No. 2, 21 F.2d 313 (2d Cir. 1927), holds the shipowner is not entitled to recover on the grounds that maintenance and cure arise out of the contract of employment. Norris: The Law of Seamen (1962) at page 642 is in apparent agreement. On the other hand it was decided in Jones v. Waterman S. S. Corp., 155 F.2d 992 (3d Cir. 1946), that the shipowner was entitled to recover from the tort-feasor railroad any amounts paid for maintenance and cure, if the tort-feasor was negligent. Some argue that United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947) weakened the position of the Third Circuit in *Jones.*

Gilmore and Black: The Law of Admiralty (1957) at pages 276–277 reads:

"The cases are in accord that if the seaman first recovers medical ex-

penses from the tortfeasor, the shipowner gets a credit if he is subsequently sued for maintenance and cure. If so much is recognized, it seems unduly technical to forbid the indemnity when the seaman proceeds in reverse chronological order and first collects his maintenance and cure from the shipowner."

Without so holding, it does not appear that Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88, is here applicable on the facts, but it is excellent authority for the proposition that a seaman may not have a double recovery. The Supreme Court in *Vaughan* favors the view of the Third Circuit expressed in Yates v. Dann, 223 F.2d 64, 67 (1955). *Yates* cites McCarthy v. American Eastern Corporation, 175 F.2d 727 (3d Cir. 1949), to the effect, "In the admiralty as elsewhere in the law a litigant may not recover compensation for a single claim more than once."

█ But the matter on its merits is not now before the Court and the above dissertation is merely by way of illustration of the issues which may indeed be involved upon trial of the matter on the merits. It is reasonable to conclude that the presence of the shipowner at trial is essential to a just adjudication of the rights of all-plaintiff, alleged tort-feasor, and shipowner employer. Equity seems to so require, and admiralty courts are authorized to grant equitable relief. Vaughan v. Atkinson, supra [369 U.S. 530, 82 S.Ct. 997].

█ Accordingly, by virtue of Rule 19(a), Federal Rules of Civil Procedure, it is hereby ordered that Korea United Lines may be joined as a party to this cause. Within twenty (20) days of service of process on Korea, it may join as a plaintiff. If it fails to do so, it shall be joined as an involuntary plaintiff upon motion of either the present plaintiff or the defendant.