Jules **BLOCH**, Jr., et al., Plaintiffs,

v.

**SUN OIL CORPORATION**, a corporation,
et al., Defendants.

Civ. No. 70–225.

United States District Court,
W. D. Oklahoma,
Civil Division.

Oct. 18, 1971.

George L. Verity, Burck Bailey, Oklahoma City, Okl., George William Armor, Laverne, Okl., for plaintiffs.

Jerry A. Warren, Ray G. Moss, Judson S. Woodruff, John B. Dudley, William C. Phelps, Oklahoma City, Okl., for Sun Oil Corp.

Hunter L. Johnson, Jr., and Rex Short, Tulsa, Okl., for Atlantic Richfield Co.

W. M. Petmecky, Midland, Tex., for Union Oil Co. of California.

James A. Lore, Midland, Tex., and H. G. Bissonnet, Houston, Tex., for Shell Oil Corp.

## ORDER

DAUGHERTY, District Judge.

Under oil and gas leases covering mineral interests owned by Plaintiffs, Defendants have been for many years producing and selling natural gas. This natural gas is not pure but contains certain by-products which Defendants have extracted and sold separately from the gas. Some of these by-products Plaintiffs allege have great value on which Defendants have failed to pay royalties pursuant to the provisions of their leases. Plaintiffs seek a declaration that the leases entitle them to royalties on the value of the by-products and judgments based on an accounting by the Defendants for royalties on the by-products extracted and sold to date.

Plaintiff Bloch seeks to proceed in representation of a class of persons who are lessors to Defendants Atlantic Richfield Company, Sun Oil Company and Union Oil Company of California. Plaintiffs Russell and Albert Barby seek to proceed in representation of a class of persons who are lessors to Defendants Sun Oil Company, Shell Oil Company and Atlantic Richfield Company. Gas produced under the Plaintiffs' leases is proc-

essed by a gas plant which is owned by a joint venture in which the Defendants and others are co-adventurers. The by-products involved herein are extracted at that plant. There are other lessors and lessees in the same relative positions as Plaintiffs and Defendants who are not named as parties to this litigation; the gas produced under those leases is also processed by the plant. All of the gas processed by the plant is produced from lands wholly within this District.

Defendants have jointly moved for dismissal of Plaintiffs' action or in the alternative for summary judgment. Defendants' grounds for their Motion are as follows:

    1.  Lack of jurisdiction:

    a.  Plaintiffs' claims against each Defendant are individually less than $10,000.

    1) As Plaintiffs' individual recoveries in any event would be limited to royalties accrued, the matter in controversy does not exceed $10,-000.

    2) As a portion of Plaintiffs' claims are barred by limitations, their allegation of the existence of more than $10,000 in controversy is not made in good faith, such portion not being recoverable to a legal certainty.

    b.  Plaintiffs' claims may not be aggregated to confer jurisdiction.

    c.  Plaintiffs have failed to join indispensable parties whose citizenship is the same as that of Plaintiffs.

    2.  Plaintiffs' action is not properly a class action.

After study of the parties' briefs on the question raised by Defendants' Joint Motion, the Court called for additional briefs on the propriety of proceeding in the absence of certain persons interested in the result of this litigation according to the criteria of Rule 19, F.R.Civ.P., 28 U.S.C.A. However, before a determination may be made under Rule 19, which Rule assumes that jurisdiction otherwise exists, it is now incumbent on the Court to resolve the jurisdictional questions raised by Defendants not relating to Rule 19.

Defendants question both the amount actually put in controversy by Plaintiffs' allegations as well as the principles by which it is determined. On the latter point, Defendants contend that Plaintiffs are entitled to recover only the royalties accrued to date of suit, arguing that Plaintiffs plead only a breach of contract to pay money, the damages for which are limited to amounts accrued, citing 23 Okl.St.Ann. § 22.[1] Defendants equate their obligation to pay royalties to an insurance company's obligation to pay disability benefits.[2] Defendants misapprehend the applicability of both the statute and cases they cite. The obligation with which the statute and cases deal is unilateral. All the events necessary to bring about the obligation have occurred and the only obligation that remains is payment. This principle is explained in Beaman v. Pacific Mutual Life Insurance Co., 369 F.2d 653 (Fourth Cir. 1966). In the present case, not all the events necessary to support the obligation, if any, of the Defendants to pay the additional royalty claimed by Plaintiffs have occurred. Gas must first be produced and the by-products extracted and sold. No one can seriously contend that an oil and gas lease is but a unilateral obligation to pay royalties. The question, nevertheless, has been resolved in Oklahoma and damages for breach of an oil and gas lease include both accrued and future royalties. Gallaspy v. War-

---

1.  This statute provides:
    "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

2.  Defendants cite Keck v. Fidelity & Casualty Co. of New York, 359 F.2d 840 (Seventh Cir. 1966); White v. North American Accident Insurance Co., 316 F.2d 5 (Tenth Cir. 1963); Henderson v. National Fidelity Life Insurance Co., 257 F.2d 917 (Tenth Cir. 1958).

ner, 324 P.2d 848 (Okl.1958). According to that case, the measure of damages is specified by 23 Okl.St.Ann. § 21.[3] Therefore, the matter here in controversy includes both the claimed royalties accrued as well as those on future production.

With these principles in mind, it is now possible to consider the Defendants' challenge to Plaintiffs' allegation of existence of the jurisdictional amount and Plaintiffs' response thereto. Both the challenge and response were supported by affidavit. Defendants' expert affiant concludes that none of the Plaintiffs have claims in excess of the jurisdictional amount against some of the Defendants.[4] Plaintiffs' expert affiant concludes that all Plaintiffs have claims exceeding the jurisdictional amount against all Defendants.[5] Defendants devote much argument directed to the relative merits of the affidavits, contending that their affidavit is factually sound and based on undisputed evidence while Plaintiffs' affidavit is not. The Court must decline to consider these affidavits in any greater depth than the conclusions they state. In instances such as this one, Professor Wright observes,

"Where the issue of jurisdictional amount is closely tied to the merits of the cause, the court should be reluctant to insist on evidence with respect thereto, lest, under the guise of determining jurisdiction, the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury." 1 Federal Practice & Procedure, Barron & Holtzoff (Wright Ed.) § 24, Pocket Part 1971, page 49.

Without considering the possible effect of limitations, Plaintiffs have rebutted Defendants' challenge of jurisdiction.

When limitations are considered, one of Plaintiffs' claims would fall be-

3. This statute provides:
"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. . . ."

4. These are Defendants' figures:

| Defendant | Plaintiff | | |
|---|---|---|---|
| | Russell Barby | Albert Barby | Jules Bloch, Jr. |
| Atlantic Richfield Co. | $ 7,837 | $ 6,560 | $ 3,558 |
| Sun Oil Co. | nil | nil | $ 3,906 |
| Shell Oil Co. | $ 4,085 | $ 2,723 | no lease |
| Union Oil Co. of California | no lease | no lease | $ 2,687 |

These figures do not take into account the possible effect of limitations and include production since the beginning of operations, but do not include any future production.

5. These are Plaintiffs' figures:

| Defendant | Plaintiff | | |
|---|---|---|---|
| | Russell Barby | Albert Barby | Jules Bloch, Jr. |
| Atlantic Richfield Co. | $45,002 | $39,850 | $14,037 |
| Sun Oil Co. | $15,023 | $15,023 | $10,364 |
| Shell Oil Co. | $23,749 | $12,618 | no lease |
| Union Oil Co. of California | no lease | no lease | $14,973 |

These figures include future production and likewise do not take into account the possible effect of limitations.

low the jurisdictional amount.[6] However, unless the fact of limitations is conclusive, the question of limitations and the amount it involves is in controversy. Riggins v. Riggins, 415 F.2d 1259 (Ninth Cir. 1969), and see Giffin v. Smith, 256 F.Supp. 746 (Okl.1966).[7] Defendants apparently do not contend that the asserted limitations appear on the face of Plaintiffs' Amended Complaint, but they do contend that the limitations issue is ripe for summary judgment, having offered evidence which they claim is undisputed to establish the fact of Plaintiffs' prior long-standing knowledge concerning the extraction and sale of the by-products. The issue of limitations and tolling thereof has not been fully developed between the parties and Defendants apparently anticipate that Plaintiffs will plead a tolling of the statute through concealment by Defendants. As the issue of limitations with respect to jurisdictional amount is crucial only in regard to Plaintiff Bloch's suit against Defendant Sun Oil Co.,[8] said Plaintiff could be given an opportunity to respond individually to this ground of Defendants' Motion. However, in view of the Court's disposition of this case, this step is unnecessary.

Inasmuch as the Court has concluded that as between all Plaintiffs and all Defendants, except Plaintiff Bloch and Defendant Sun Oil Co., there exists a matter in controversy of a value in excess of $10,000, there is no present occasion to consider the applicability of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

The Court, having jurisdiction of this action, should now consider the claim of Defendants that it should not exercise its jurisdiction according to the criteria of Rule 19, F.R.Civ.P., 28 U.S.C.A. The pertinent facts appear to be without substantial dispute. Many of the leases in the Laverne Field contain language describing the basis on which royalties are to be computed which is identical or similar to the language of the leases be-

---

6. If the amounts Defendants claim to have accrued more than five years prior to suit are subtracted from Plaintiffs' figures, note 5, *supra*, the following figures result:

| Defendant | Plaintiff | | |
|---|---|---|---|
| | Russell Barby | Albert Barby | Jules Bloch, Jr. |
| Atlantic Richfield Co. | $40,369 | $34,002 | $12,051 |
| Sun Oil Co. | $15,023 | $15,023 | $ 7,986 |
| Shell Oil Co. | $22,561 | $11,827 | no lease |
| Union Oil Co. of California | no lease | no lease | $13,375 |

---

7. Defendants distinguish Giffin v. Smith, *supra*, which was decided by this Court, on the basis that it did not involve a contract obligation. It was a suit on a foreign judgment for child support. Riggins v. Riggins, *supra*, likewise did not involve contractual obligations. In Unique Balance Company v. De Vries, 166 F.Supp. 848 (Cal.1958), the principle case relied on by Defendants to establish this distinction, the Court stated: "... an action for the return of overpayments, even if made in mistaken reference to a written contract, is not so 'founded upon' the contract as to be brought within ... the four-year statute relating to written instruments. ... But if the four-year statute does not apply, what does govern is the three-year limitations on actions 'for relief on the ground of fraud or mistake.'" 166 F.Supp. at page 850. The Court has been unable to find any case dealing with a contract limitation in this context and further believes that such a distinction is of no importance in any event.

8. See note 7, *supra*.

tween Plaintiffs and the Defendants. Some of these leases are owned by corporations not parties who are Oklahoma citizens: Morgan Petroleum Corporation, Kerr-McGee Corporation and Cities Service Oil Co., all of whom have their principal places of business in Oklahoma. Morgan owns by way of assignment a portion of a lease owned by Defendant Sun. This portion covers certain horizons from which gas is produced while the balance of the lease not assigned covers other horizons in the same area. Gas from all the horizons is apparently produced through the same well. Kerr-McGee and Cities Service own leases in the same units where Plaintiffs' leases are located. These leases also contain royalty language identical or similar to that of Plaintiffs' leases. These are the absent parties whose joinder would defeat diversity jurisdiction and whose joinder is claimed by Defendants to be necessary for a just adjudication of this controversy.

■ ■ Defendants point out that Morgan Petroleum Corporation operates under the same lease as Defendants Sun and Union and that, of necessity, this Court's construction of the royalty language in the lease would directly affect Morgan's interest in the same lease. As to Kerr-McGee and Cities Service, Defendants claim they will be subject to the "Blanchard Rule" announced in Shell Oil Co. v. Corp. Comm., 389 P.2d 951 (Okl. 1964). That case holds that each royalty owner in a unitized area is entitled to royalties in proportion to the amount of acreage they own in the unit, regardless of where the wells may be located in the unit. Thus, Defendants argue, a holding that a Defendant lessee is liable for additional royalties would directly affect other lessees not present as parties who are in the same unit. Plaintiffs claim that

construction of the royalty language will have only a remote and minor effect on the interests of the absent, non-diverse parties, inasmuch as they will not be legally bound by such construction. Further, Plaintiffs argue, if any of the absent parties are truly concerned with protecting their interests, and actually desire to litigate them now and here rather than later and elsewhere, they have a right to intervene under Rule 24 (a), F.R.Civ.P. Their non-diverse citizenship in intervention would not deprive the Court of jurisdiction. However, Plaintiffs lose sight of the fact that the absentees do not claim any interest in the transaction which is the subject matter of this action. While the interest they claim may be identical, such interest is not here directly involved, for an adjudication here will not constitute res judicata as to them.[9] Herein lies the basic problem raised by the absentee's non-diversity; their interests are too close to the subject matter of this action to be unaffected thereby in a practical sense, but not close enough to be affected in law.

■ The Court is of the opinion that, as a practical matter, the interests of the absentees, though collateral to and separate from the precise interests involved in this case, are direct and immediate. One cannot ignore the force of a decision on the meaning of the provisions in Plaintiffs' lease where the identical language is contained in leases owned by the absentees. While a judgment of this Court cannot create any legal right of action by other royalty owners against the absentees, it is unrealistic to assume that such judgment and the construction of the leases' royalty provisions necessarily included would have no influence whatsoever in such subsequent proceedings. The Court finds and concludes

---

9. For res judicata to apply, the absentees must be parties or at least be in privity with parties to this action through the subject matter of the action. 50 C.J.S. Judgments §§ 763–764, pp. 289–292. While Morgan is in privity with Defendant Sun through the assignment of a portion of Sun's lease, the assignment involves production from different horizons on which Plaintiffs sek no relief and which are not directly involved in the action. See 50 C.J.S. Judgments § 764, p. 292.

that in a real and practical sense, the absentees would be prejudiced should the Court proceed with this case.

■ Where prejudice to absentees exists, the Court should consider whether such prejudice may be lessened or avoided. Plaintiffs' case is pitched on the proposition that their leases entitle them to additional royalties. Leases on which the absentees are obligated contain language identical or similar to Plaintiffs' leases. The prejudice to the absentees arises out of the practical effect this case might have as precedent. The absentees cannot be legally bound by a judgment herein, so language in the judgment limiting relief to those parties before the Court would be a useless act. The Court knows of no means to prevent other courts from using (or not using) its decision and construction of Plaintiffs' leases as precedent in other cases. As this possibility is the basis of the absentee's prejudice, the Court finds and concludes that limitation of the scope and effect of a judgment favorable to Plaintiffs will not lessen nor avoid the prejudice to the absentees arising from the precedential effect of such judgment.

■ The Court can render a judgment in this case which will be adequate as to all parties before it and the existence of absentees with identical but separate interests will not affect the judgment's effectiveness as to parties present in the case. The Court concludes that there is no problem with respect to the adequacy of judgment herein as to the parties before it.

■ The first three factors of Rule 19(b) are "defendant-oriented". The last factor considers the case from the standpoint of Plaintiffs: whether failure to go forward with the case will work a greater prejudice to Plaintiffs because an adequate remedy does not otherwise exist. It would appear in this case that Plaintiffs have an adequate remedy in the Oklahoma courts and that such remedy, if anything, is fuller and more complete than that available in this Court. Jurisdiction of the Oklahoma courts extends to both the Defendants of this case and to the absentees, regardless of their citizenship. 12 Okl.St.Ann. § 1701.03. The entire property subject to the leases of Plaintiffs and the class they seek to represent are located in Oklahoma. Class actions have been long recognized and permitted in Oklahoma. 12 Okl.St.Ann. § 233; Hall Jones Oil Corp. v. Claro, 459 P.2d 858 (Okl.1969); and see State ex rel. Tharel v. Board of Com'rs of Creek County, 188 Okl. 184, 107 P.2d 542 (1940). The law this Court must apply is that of Oklahoma and the relief which this Court may grant must be shaped by Oklahoma standards. Thus, Plaintiffs face no difference of substance in proceeding in this Court or the state courts and the joinder problems which have created so much difficulty in this case would not be present in a state court. See Federal Resources Corp. v. Shoni Uranium Corp., 408 F.2d 875 (Tenth Cir. 1969). The Court finds and concludes that Plaintiffs have an adequate remedy in the state courts in Oklahoma.

■ Besides the four factors of Rule 19(b) which the Court has discussed, there appear to be present other factors which militate against proceeding with this case. As this Court's construction of the Plaintiffs' leases would be of precedential value only, as to the absentees, there is the risk that in other proceedings involving the absentees in other courts a different construction could be made, with results inconsistent with that which might obtain in this case. Judicial economy is not served by retaining this case. The entire controversy between the royalty owners and all the lessees of the Laverne Field will remain unresolved as a judgment herein favoring Plaintiffs will not obligate the absentee lessees. Independent suits, probably in state courts, would be necessary to litigate the absentees' obligation, if any. A multiplicity of litigation may result and, thus, the efforts of more than one court may be devoted to what at present appears to be a single controversy.

Plaintiffs object that if this case must be tried in a State court, it will be tried in the District Court of Harper County, Oklahoma. This County lies in the ex-

treme northwestern part of Oklahoma and counsel for Plaintiffs assert that trial in that remote area will impose a hardship on counsel and witnesses. This forum non conveniens argument presumes that venue must necessarily lie in Harper County. However, this action is not one where the res determines venue, see Kedney v. Hooker, 144 Okl. 148, 289 P. 1108 (1930) and it is possible that venue could be found in Oklahoma County, where counsel are located. 12 Okl.St.Ann. § 137.

Upon consideration of the various factors pertaining to a decision under Rule 19, F.R.Civ.P., the Court finds and concludes that in equity and good conscience it should not proceed with this action and that the same should be dismissed without prejudice. Such disposition of the case makes unnecessary discussion of the propriety of Plaintiffs' class action.

The Joint Motion of Defendants to Dismiss or, in the Alternative, for Summary Judgment is granted with respect to dismissal and denied with respect to summary judgment.

Plaintiffs' action is dismissed without prejudice.