**Howard L. GOTTLIEB et al.,**
**Plaintiffs,**

v.

**Carl W. VAICEK, Jr., Defendant and**
**Third-Party Plaintiff,**

v.

**ARMSTRONG, BROWN AND SHERMAN, etc., et al., Third-Party**
**Defendants.**

**No. 74 C 2181.**

United States District Court,
N. D. Illinois, E. D.

Dec. 16, 1975.

Steven C. Page, and Zane M. Cohn, Schwartz & Freeman, Chicago, Ill., for plaintiffs.

Thomas D. Allen, and David L. Schiavone, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Vaicek.

Stephen A. Milwid, Lord, Bissell & Brook, Chicago, Ill., MacDonald, Halsted & Laybourne, Los Angeles, Cal., for Armstrong, Brown and Sherman.

Gary M. Elden, and Bruce B. Howat, Kirkland & Ellis, Chicago, Ill., for Gibson, Dunn and Crutcher.

MEMORANDUM OPINION

DECKER, District Judge.

This action was brought by the plaintiffs for the rescission of their interests in a limited partnership (Serendipity Partners) in accordance with Section 13, subd. B of the Illinois Securities Law, Ill.Rev.Stat. ch. 121½, § 137.1, *et seq.* The complicated background of this litigation, which now includes a parallel suit in the state courts of California and

a third party claim in the instant case, requires some explanation.

In November, 1972, Carl Vaicek, Jr., a citizen of California,[1] and the defendant in this action, solicited the plaintiffs in the instant case, Howard and Norman Gottlieb, and their mother, Gertrude Gottlieb, to purchase limited partnership interests in Serendipity. Howard and Norman are Illinois residents; Gertrude is a citizen of California.

In the negotiations Howard acted as agent for his mother. Both Howard and Norman executed articles of limited partnership on January 22, 1973, Howard investing $797,926.00 on that day, and Norman paying $75,000.00 on February 16th. On the latter date, Gertrude also executed the articles and paid in $125,000.00.

Serendipity was established as a limited partnership under the laws of California, with its principal place of business in Beverly Hills, California. The sole general partner is Carl Vaicek, Jr.

Evidently the firm name was a misnomer, for on July 19, 1974, the Gottliebs delivered notice to Vaicek and Serendipity Partners of their election to rescind their purchase of limited partnership interests. They assert that this election is available to them because Vaicek neglected to file what is known as a "4G Report", as required by § 4, subd. G(4) of the Illinois Securities Law. Vaicek contests this legal theory, and has failed to return all the moneys demanded by the Gottliebs.

On August 1, 1974, Howard and Norman Gottlieb filed suit in this District against Vaicek and Serendipity Partners.[2] On August 15, 1974, an almost identical complaint was filed by Gertrude Gottlieb against Vaicek and Serendipity in Los Angeles (California) Superior Court.

An amended complaint was filed in this district on May 1, 1975. On May 16th, Vaicek filed a third party complaint in this action against two California law firms. The third party complaint, while purportedly an indemnity action, is essentially based on alleged negligence and malpractice on the part of Armstrong, Brown and Sherman (Armstrong) and Gibson, Dunn and Crutcher (Gibson). It asserts that any liability that Vaicek might have towards the Gottliebs is the direct and proximate result of the law firms' negligence as attorneys for Vaicek and Serendipity in failing to see that the critical 4G Report was filed.

When the law firms sought to intervene in the California proceeding, Vaicek and Mrs. Gottlieb, arguing in unison, successfully urged the court to reject their petition.[3] In the instant case the positions are reversed; the law firms seek either to be dropped from the case or have the matter transferred to California, whereas the Gottliebs and Vaicek are united in their effort to keep them in an Illinois forum.

Five different motions have been brought by the third party defendant law firms:

(1) A motion to dismiss the third party complaint on the ground that this court lacks personal jurisdiction over the law firms.

(2) A motion to dismiss the entire action pursuant to F.R.Civ.P. 19(b) for failure to join Gertrude Gottlieb, an indispensable party.

1. It is alleged that Vaicek no longer lives in California and is presently residing in a mobile home somewhere in western Canada. This would neither affect the matter of diversity of citizenship, upon which jurisdiction in this case is based, nor the determination that Vaicek remains a citizen of California.

2. On December 6, 1974, this court granted defendants' motion to dismiss that part of the action which related to Serendipity. Serendipity remains a defendant in the California suit.

3. The California court held that neither law firm could assert a presently justiciable right out of a potential ultimate liability with respect to the claim of Gertrude Gottlieb.

(3) A motion to dismiss the entire action on the grounds that plaintiffs have failed to state a claim for relief. This motion asserts that the limited partnership interests in question are not securities covered by the Illinois Securities Act.

(4) A motion to dismiss the entire action on the grounds that plaintiffs have failed to state a claim for relief. This motion asserts that plaintiffs are estopped by their selection of California law for the governance of the partnership from asserting the applicability of Illinois securities law.

(5) A motion pursuant to F.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1404(a) to transfer this action to the Central District of California.

This court need not rule on all of the above motions since it finds that Gertrude Gottlieb is an indispensable party whose joinder deprives it of jurisdiction in this case, and compels the dismissal of this action.

Federal Rule 19 deals with the joinder of persons needed for a just adjudication of cases. As amended in 1966, it is the end product of considerable legal thinking, and reflects a variety of judicial concerns.

F.R.Civ.P. 19(a) defines two basic categories of persons to be joined if feasible:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

The second part of the Rule 19 procedure deals with the considerations to be taken by the court in deciding when the inability to join a 19(a) party requires dismissal of the action.

"(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

It is the opinion of this court that Gertrude Gottlieb should be joined in this action under the standards set by both 19(a)(1) and 19(a)(2)(i). For the sake of convenience, but not emphasis, the latter provision will be dealt with initially.

It is clear that Gertrude Gottlieb claims an interest relating to the subject of the instant action. Her California law suit, which seeks to rescind a parallel limited partnership interest in Serendipity, is based on the same legal princi-

ples and is subject to the same legal defenses [4] as that of her sons.

Moreover, it is essential to Mrs. Gottlieb's California case to allege that Howard Gottlieb was her agent in the transaction with Vaicek (¶¶ 7 and 8 of the California complaint). Only by establishing this privity with the Illinois transactions can she take advantage of the provisions of the Illinois Securities Act. For that Act is applicable only when the sale was conducted in Illinois. *McBreen v. Iceco, Inc.,* 12 Ill.App.2d 372, 377–78, 139 N.E.2d 845 (1st Dist. 1956).

As a party in privity with the plaintiffs in this action, Gertrude Gottlieb will find that findings of fact or rulings on questions of law in this cause will have a collateral estoppel effect on her case. *Factor v. Pennington Press, Inc.,* 230 F.Supp. 906, 910 (N.D.Ill.1963). This is not denied by any of the parties.

As a result, victory for Vaicek on any of his affirmative defenses [5] or on the merits of this case will have a binding effect on Gertrude Gottlieb.[6]

Vaicek and the Gottlieb sons argue that the only claims being litigated in this action are those of Howard and Norman Gottlieb, and thus Gertrude Gottlieb does not risk the type of "prejudice" contemplated by Rule 19(a)(2)(i). However, the Advisory Committee Notes do not call for such a mechanical allocation of interest and injury. Rather the courts are urged to consider whether the absentee would be "adversely affected in a·

practical sense, and if so, would the prejudice be immediate and serious, or remote and minor?" As did the Fifth Circuit in *Schutten v. Shell Oil Company,* 421 F.2d 869, 874 (5th Cir. 1970), this court "decline[s] to accept the . . . narrow and technical view of what would constitute prejudice . . . ." This court agrees that it must "refrain from taking a view either too broad or too narrow in determining 'prejudicial' effect of a judgment."

In *Schutten* the indispensable party was the Orleans Levee Board, which had a conflicting claim to the land upon which the plaintiff based its claim for an eviction and an accounting. The Levee Board would not have been technically bound by the judgment, but a ruling in favor of Schutten would have created a cloud on the Board's title to the land, and would have deprived it of royalty interests from Shell.

It is thus clear that the necessary showing of prejudice for the application of 19(a)(2)(i) does not require that the absent party risk being legally bound by *res judicata* or collateral estoppel in the federal court proceeding.

Other cases bear out this point. In *Evergreen Park N. & C. Home, Inc. v. American Equity Assurance Co.,* 417 F.2d 1113 (7th Cir. 1969), an insured brought suit to collect on a fire casualty from four of its six insurers. Each of the six policies limited the liability of the insurer to the proportion of the loss that its policies bore to the total amount of

---

**4.** Vaicek contrives to suggest that the two suits are not similar since he has raised an additional defense in the California case (that the sale at issue was an intrastate California transaction, and beyond the scope of the Illinois Securities Law). This does not undermine the fact that the complaints are identical, nor the fact that victory for Vaicek on any of the Illinois affirmative defenses brings him the benefits of collateral estoppel in California.

**5.** Indeed some of Vaicek's affirmative defenses require this court to consider the partnership interest of Gertrude Gottlieb. For example, he contends that the three Gottliebs formed an "investment association" which exempted the

partnership from the registration requirements. He also asserts that a settlement agreement was reached with all three Gottliebs, and that Howard and Norman Gottlieb and Gertrude Gottlieb, through her agent (Howard), were instrumental in the organization and conduct of the business of Serendipity, and are thus estopped from seeking recovery.

**6.** Of course, a holding in the California case would have a similar collateral estoppel effect upon this action. This only underscores the wastefulness of allowing this controversy to proceed in a bifurcated fashion.

fire insurance covering the property, whether collectible or not. To resolve the case, the court would have to determine whether or not the other companies provided applicable coverage. Its decision would not be binding on companies not before it. Nonetheless the Seventh Circuit considered that "as a practical matter", the action would prejudice the absent companies. And this was sufficient to require joinder, even where that would destroy diversity jurisdiction.

Similarly, in *Bloch v. Sun Oil Corp.,* 335 F.Supp. 190 (W.D.Okl.1971), the absent parties did not risk formal collateral estoppel. The suit was between lessors and lessees possessing similar oil and gas leases. The plaintiffs sought to obtain a declaration that certain royalties were owing under the leases. The court was concerned that its interpretation of the leases would have significant precedential effect in any subsequent litigation involving the leases of the absentees. As a result it held that the absentees were indispensable parties who would be as a practical matter prejudiced by the disposition of the case without their participation.

See also *Norvell v. McGraw-Edison Co.,* 270 F.Supp. 57 (E.D.Wis.1967); *Davila Mendez v. Vatican Shrimp Co.,* 43 F.R.D. 294 (S.D.Tex.1966).

The ability of Gertrude Gottlieb to protect her interest in her purported right to rescind her partnership agreement may be impaired and impeded in the instant case to a far greater extent than the respective rights of any of the absentees in the above cases. For as noted above, she is indeed in privity with her sons, and her California case may be totally adjudicated away by rulings in this court. If precedential effect or the incidental creation of a cloud on title is sufficient to require joinder, then Rule 19(a)(2)(i) applies *a fortiori* in the present action.

Vaicek and the Gottliebs raise various arguments charging that nonetheless Rule 19(a)(2)(i) should be inapplicable to the instant situation.[7] They are unpersuasive.

For example, they assert that Rule 19 should ordinarily be limited to the joinder of necessary *defendants,* with only a small exemption for a restricted class of necessary *plaintiffs.* They assert that:

"The cases which permit such a result (involuntary plaintiff) seem to be limited to situations where there is a 'joint' right which cannot be asserted by only one of the holders of that right—such as a patent licensee without the consent of the patent holders, beneficial owners of copyrights without the consent of the copyright owner and similar situations."

This argument misconstrues the most frequent occurrence of a procedural requirement for a limitation on the Rule. A recent annotation has responded to this contention by pointing out that:

"[I]t would be more accurate to say that 'the doctrine has most often been applied' in such cases . . . because they most frequently meet all the conditions required for an accurate application of the doctrine . . . The Supreme Court decision establishing the 'involuntary plaintiff' doctrine involved patents, but nothing in the opinion, which relied on broad equitable principles, suggests that those equitable principles applied only to patents. And the Committee drafting the Rule did not intend any such limitations to patents and copyrights, its Notes indicating to the contrary that it was the principles of that decision which were to be applied wherever pertinent." *Joining "Involuntary" Plaintiff,* 20 ALR Fed. 193, 197 (1974).

Of course, the most frequent necessity for an absent plaintiff arises when a co-holder of a joint right seeks to litigate the validity of that right. But neither

---

7. Some of the contentions of the Gottliebs and Vaicek will be dealt with in the subsequent discussion of the applicability of Rule 19(a)(1).

common title, nor an exclusive license, exhaust the circumstances under which litigation may jeopardize the interests of an absentee. Indeed, the Rule is worded in a manner to expressly reject such a construction. The necessary absentee only needs to have an interest *relating* to the subject of the action. Where, as in the instant case, the relationship is that of formal privity, and the holding of parallel interests is so closely linked that adjudication of one interest legally determines the rights of the other, then the requirements of the rule are satisfied.

Nor is there any dearth of cases where parties other than patent and copyright holders have been joined as plaintiffs under Rule 19. *Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973); *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir. 1970); *Morrison v. New Orleans Public Service Inc.,* 415 F.2d 419 (5th Cir. 1969); *Potomac Electric Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486 (D.Md.1972); *Sun Yeong Lee v. Thompson,* 50 F.R.D. 138 (E.D.Va.1970); *Davila Mendez v. Vatican Shrimp Co.,* 43 F.R.D. 294 (S.D.Tex.1966).

More fundamentally, this court does not perceive the basis for the distinction that the Gottliebs seek to draw between the joinder of an absent plaintiff and the use of Rule 19 in behalf of an absent defendant. It is on this basis that they seek to distinguish the *Bloch* case. This is a distinction without a difference. In *Bloch* the absent defendants had rights that might have been practically extinguished by the precedential effect of the action before the court. In the instant case Gertrude has an asserted right that might be legally extinguished by the application of collateral estoppel. An extinguished right is an extinguished right, whether one loses it as a plaintiff or as a defendant.[8]

Both the Gottliebs and Vaicek erroneously cite Professor Moore for the proposition that Rule 19 is merely designed for the "protection of the absent party".[9] In actuality, the Rule also serves to protect other equally valid judicial concerns. In particular, Rule 19(a)(1) requires joinder where the absence of a party makes it impossible to accord complete relief to those already parties.

The Seventh Circuit, quoting with approval the Advisory Committee Notes, has emphasized in *Evergreen Park, supra,* that Rule 19(a)(1)

> "furthers the interests not only 'of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.'" 417 F.2d at 1115.

This is indeed a case where 19(a)(1) is applicable, since in the absence of Gertrude, this court would be obliged to grant partial or "hollow" rather than complete relief to the parties before the court.

---

**8.** If there is any reason for greater judicial reluctance in the joinder of an absentee as a plaintiff, it would seem to lie in the possible unfairness of subjecting an unwilling party to the procedural burdens of being aligned with the plaintiff's side. While this consideration may affect the court's willingness to formally join the absentee as a plaintiff it does not go to the merits of requiring some form of joinder. The complexities of this issue were thoughtfully considered by the Fifth Circuit in *Eikel v. States Marine Lines, Inc., supra;* 20 ALR Fed. 193 (1974). In *Eikel* the absentee was joined as a defendant, but aligned for diversity purposes with the plaintiffs.

Indeed the usual problems of joinder are absent in the instant case. The preparation of the cases for Gertrude in California and her sons in Illinois have been made in clear coordination. Joinder would not require any of the Gottliebs to enter the case with inadequate discovery, or with an attorney unversed in the issues of the case. And Vaicek has counsel in both jurisdictions who are also closely cooperating at present. From a practical standpoint, the only losers in joinder would be those lawyers who would become superfluous with the consolidation of the case. The parties, however, would be at no disadvantage.

**9.** The cited passage at Moore's Federal Practice § 10.07–1[2] at page 2253 properly refers only to 19(a)(2), and does not exclude the applicability of other concerns beside the protection of the absentee under 19(a)(1).

The controversy between Vaicek and the third party defendants is not one that can be totally resolved by this court unless it is able to adjudicate the possible liability arising out of Gertrude's claim. Vaicek ingenuously declares that this is not the case since he has not brought any third party complaint with respect to the California action. It is inconceivable that Vaicek would refrain from seeking indemnification from the law firms in the event that Gertrude prevails in her California action. The parties may have motives to presently exclude the law firms from the California case, but this court is not so naive as to confuse a tactical choice with a waiver of a possible legal claim.

If this action were to proceed in the forum desired by Vaicek and the Gottliebs, the judicial process would be saddled with unnecessary lawsuits on the same controversy. Vaicek would still have to defend the California suit, and, if he lost therein, would then relitigate the third party issue with respect to Gertrude's claim. Thus, invocation of Rule 19(a)(1) is required both to provide complete relief for Vaicek and the law firms, and to protect the interests of the judicial system itself.

And the courts have not hesitated to utilize Rule 19(a)(1) in the appropriate circumstances. *Evergreen Park N. & C. Home, Inc. v. American Equity Assurance Co., supra,* (possibility of subsequent suits against absent insurers with respect to same loss); *Schonfeld v. Raftery,* 335 F.Supp. 846 (S.D.N.Y.1971), (existence of another lawsuit raising the same issues); *Norvell v. McGraw Edison, supra,* (exclusive licensee joined in infringement action brought by patent holder); *Sun Yeong Lee v. Thompson, supra,* (ship owner joined in tort suit brought by seaman); *Davila Mendez v. Vatican Shrimp Co., supra,* (estate of seaman drowned in navigational disaster joined in unseaworthiness action brought by the estate of the other victim); *see also, Schutten v. Shell Oil Co., supra; Levitt and Sons, Inc. v. Swirnow,* 58 F.R.D. 524 (D.Md.1973); *Potomac Electric Power Co. v. Babcock & Wilcox, supra.*

Rule 19(a)(1) provides an independent basis for the joinder of an indispensable party. Thus, the argument of Vaicek and the Gottliebs that an absentee cannot be forced to accept the "protection" of Rule 19 is without substance.[10]

In particular, this court is not impressed with the argument that since "Gertrude Gottlieb has not asked for such [Rule 19] protection," she is entitled to "risk" the collateral estoppel effect of the instant case. For in requiring that she become a party to this action, this court is not merely concerned with "protecting" her but also protecting the interests of other parties, and the judicial system itself, to be free from possibly collusive manipulation of the jurisdictional requirements.

Gertrude and her sons are admittedly closely coordinating their legal positions. It is also evident that the three Gottliebs and the defendant Vaicek are openly cooperating to keep the law firms out of the California case and to retain them in the instant action.

This well-practiced teamwork is apparent in all briefs related to jurisdiction, venue and the third party action. As noted above, Vaicek and the Gottliebs maintain the same stance with respect to the participation of the law firms— against participation in California, for it in Illinois. Somehow the Illinois plaintiffs find it necessary to argue in their

---

**10.** Even a cursory reading of the Rule makes it evident that Rule 19(a) does not require the consent of the "protected" absentee. In the first place the rule makes explicit provision for "involuntary plaintiffs who should be joined but refuse to do so voluntarily". Secondly, 19(b) directs the court to use "equity and good conscience" in deciding whether to dismiss an action where a necessary party cannot be joined. The willingness of the party to risk non-joinder is nowhere to be found among the required considerations.

briefs that Vaicek is entitled to retain his third party action in this district—even though they are ostensibly indifferent to the outcome of this matter. And Vaicek manages to find it equally necessary to argue in behalf of the right of Gertrude Gottlieb to cause him to be subjected to two simultaneous and identical suits. Vaicek, the defendant, is heard to invoke the right of his plaintiffs to select their forum. And a California resident seems determined to press his action against a California defendant two thousand miles away in Illinois.

Without attempting to explain in detail the motivation of both plaintiffs and defendant, this court cannot avoid the conclusion that the three Gottliebs and Vaicek have deliberately chosen to seek the most cumbersome means of litigating this issue. When this plan undermines the interests of other parties and the judicial system in a speedy and efficient resolution of the controversy, a court is justified in utilizing Rule 19(a)(1).

Judge Harvey underscored an important principle in *Potomac Electric, supra,* when he said:

"It seems inappropriate under general principles of equity that plaintiffs should be permitted to pick and choose which necessary parties they will name for the purpose of conferring federal jurisdiction on this Court. If indispensability is a benefit which can be waived by a party for the purpose of securing diversity jurisdiction, federal courts would lose control over their jurisdictional boundaries. Equity and good conscience would seem to require that under circumstances such as those present here, parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court." 54 F.R.D. at 492–3; *accord, Levitt and Sons, Inc. v. Swirnow, supra.*

The Fifth Circuit was of like mind in another case requiring joinder of an absent plaintiff:

"A party should not be encouraged to pick and choose among the Federal Rules in such a way as to cause delay and frustration as was done here." *Eikel v. States Marine Lines, Inc., supra,* at 966.

To recapitulate, this court finds that Gertrude Gottlieb is a person who should be joined for a just adjudication of this case, both under the standards of Rule 19(a)(2)(i)[11] and the principles of Rule 19(a)(1).

If Gertrude Gottlieb is to be joined in this action, this court will be deprived of jurisdiction over the case. Gertrude

---

11. Even if Gertrude Gottlieb has strategic reasons for remaining apart from this action, this does not undercut the applicability of 19(a)(2)(i) as a basis for requiring joinder. As noted above, there is no basis to conclude that 19(a)(2)(i) requires the voluntary acquiescence of the absent party to the joinder. The cases cited by Vaicek in behalf of the principle that 19(a)(2)(i) is designed "simply to protect the absent party" may be properly distinguished. In *Bevan v. Columbia Broadcasting System, Inc.,* 293 F.Supp. 1366 (S.D.N.Y.1968), it was apparent that the unnamed plaintiff, Paramount Pictures, would not be adversely affected by a holding undermining its alleged copyright rights. Bevan had asserted that there was in fact a collusive "back-scratching" arrangement between C. B. S. and Paramount under which the copyright would be ignored in the mutual benefit of the two. In contrast, Gertrude Gottlieb clearly is concerned about the rights affected by this litigation, and has gone to the extent of filing suit to assert her interest in this matter.

Joinder was denied in *Benger Laboratories Limited v. R. K. Laros Co.,* 24 F.R.D. 450 (E.D. Pa.1959), for reasons extraneous to the usual Rule 19 situation. In that case the party seeking joinder had delayed his motion for an excessive period, and thus lost his rights to obtain joinder through dalliance.

Thus 19(a)(2)(i) may serve in this case as an independent basis for requiring joinder, despite the professed indifference of Gertrude Gottlieb. When the considerations engendered by 19(a)(1) are also included, the court cannot find any reason to hesitate to deny the finding that joinder is necessary.

must be aligned for purposes of determining diversity jurisdiction in accordance with her interests in this case. *Eikel v. States Marine Line, Inc., supra; Mission Insurance Co. v. Mackey,* 340 F.Supp. 824 (1971); *Joining "Involuntary" Plaintiff,* 20 ALR Fed. 193, 198–9. There can be no doubt that she must be aligned with her sons as a plaintiff. Since Gertrude is a California citizen, as is Vaicek, complete diversity is destroyed, and federal court jurisdiction is lost. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

At this point the court must turn its attention to Rule 19(b) for a determination of whether Gertrude Gottlieb should be held to be an "indispensable party", without whom the action cannot be permitted to proceed.

The rule compels the consideration of four factors, and it is manifest that under these factors this case should in equity and good conscience be dismissed.

First, it is clear that a judgment rendered in the absence of Gertrude Gottlieb will in fact be prejudicial to her. As the analysis above indicates, her asserted rights in the California suit would be adjudicated away without her participation by a determination of the instant case.

Equally important, the court is mindful that non-joinder would leave the third party defendants subjected to the possibility of further legal actions with respect to Gertrude Gottlieb's claim. This is another "pragmatic consideration" of the sort urged by the Advisory Committee's Notes.

Secondly, there is no way in which this court can lessen the prejudicial impact of

its decision in this action. It cannot deny the collateral estoppel effects of its holding, any more than the court could shield the absentees from precedential impact in *Bloch, supra.*

The third factor is the adequacy of a judgment in the absence of Gertrude Gottlieb. The Seventh Circuit has concluded that under Supreme Court holdings, this factor includes the "public stake in settling disputes by wholes, whenever possible." *Evergreen Park, supra,* 417 F.2d at 1116. In this case, it also is a most important factor since it is evident the entire controversy could be resolved in the California proceeding.

Many courts have viewed the fourth factor, the availability of an adequate remedy for the dismissed plaintiff, as the most significant of the set. The Seventh Circuit shares the general judicial belief that a dismissal can be ordered in good conscience when an alternative forum is available. *Evergreen Park, supra,* at 1116.

Howard and Norman Gottlieb are clearly not without remedy outside of federal court. The appropriate and available tribunal for their action is the one already chosen by their mother. There should be no real difficulty coordinating their positions, and joinder at this stage will not prejudice them, especially since they concede that "her [Gertrude's] California counsel is fully informed as to the status and progress of this lawsuit." [12]

Therefore, this court finds that Gertrude Gottlieb is an indispensable party to the instant action, and holds that in equity and good conscience this action should not be permitted to proceed in

**12.** Nor can this court find that defendant Vaicek is prejudiced by this decision. He has already endorsed the right of the Gottlieb brothers as plaintiff to compel him into the forum of their own choosing. He cannot object to a trial in his own state, particularly where that trial will spare him the burden of carrying on two defenses two thousand miles apart. In light of the new circumstances, he might now become willing to allow the law firms to intervene in the California case.

Although this court is of the belief that consolidation of all the Gottlieb claims is the fairest procedure, the plaintiffs in this case have other alternatives. They may attempt to bring this action in Illinois state court (although it is not certain that Vaicek can find the jurisdictional basis for asserting his third party claim in state court). Likewise, they can attempt to bring a separate suit in California.

her absence. In accordance with Rule 19(b), the motion of third party defendants Armstrong and Gibson to dismiss this action for failure to join an indispensable party is hereby granted, and the cause is dismissed.