SCHUNK *v.* MOLINE, MILBURN AND STODDART COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 1153. Submitted January 9, 1893. — Decided February 6, 1893.

A statute of the State of Nebraska authorizes a creditor in certain cases to bring an action on a claim before it is due and to have an attachment against the property of the debtor. A citizen of Ohio brought an action in the Circuit Court of the United States for the district of Nebraska against a citizen of Nebraska, to recover $530.09 which was overdue, and $1664.04 which was to become payable in the following month, and an attachment was issued under the statute against the defendant's property. The Circuit Court sustained its jurisdiction and gave judgment in plaintiff's favor for both sums. *Held,*

(1) That the Circuit Court had jurisdiction, notwithstanding the fact that a part of the sum sued for was not due and payable when the action was commenced, and the amount actually due and payable was less than $2000;

(2) That if there were any error in the decision, on which this court expresses no opinion, the defendant, if desiring to have it reviewed should have taken the case to the Circuit Court of Appeals.

ON the 14th of November, 1891, defendant in error commenced a suit against B. A. Schunk in the Circuit Court of the United States for the District of Nebraska on several notes, some of which, amounting to $530.09, were past due, while the others, amounting to $1664.04, were not then due. The prayer of the petition was in these words:

"Wherefore the plaintiff prays judgment against the said defendant for the said sum of $530.09, with interest thereon from the respective dates of the notes which are now past due, together with the further sum of $1664.04, which will become due, and payable the 1st and 8th days of December, 1891, with interest thereon from the respective dates of said promissory notes, and the plaintiff prays that it recover a judgment for all of its costs paid out and expended in this action, and

plaintiff further prays for a judgment against said defendant for all reasonable costs of collection of the above-mentioned indebtedness, and for a judgment including plaintiff's attorney's fees in the sum of $250."

Under the provisions of the state statutes, an attachment was issued against the property of the defendant. The section authorizing this is in these words:

" Sec. 237. A creditor may bring an action on a claim before it is due, and have an attachment against the property of the debtor, in the following cases: *First.* Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts. *Second.* Where he is about to make such sale, conveyance, or. disposition of his property, with such fradulent intent. *Third.* Where he is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering and delaying them in the collection of their debts." Cobbey's Consolidated Statutes, 1891, p. 1003; Compiled Stats. Neb. 1891, p. 884.

Subsequent sections prescribe the proceedings to be pursued, the regularity of which in this case is not challenged. A demurrer to the petition on the ground, among others, that no cause of action was stated was overruled, a motion to discharge the attachment denied, and judgment rendered on May 21, 1892, for the sum of $2347.50, together with $100 as an attorney's fee. To reverse this judgment the defendant below, as plaintiff in error, has. sued out a writ of error from this court.

*Mr. Walter J. Lamb, Mr. Arnott C. Ricketts* and *Mr. Henry H. Wilson,* for plaintiff in error.

An attachment upon a claim not yet due is a different thing from an attachment upon a claim already due. In the former the attachment is an original process; in the latter an ancillary process, arising out of the jurisdiction over the principal cause of action. Where jurisdiction has been obtained over a cause of action on a claim already due, it is in no way affected by

the success or failure of the attachment proceeding. That proceeding is merely ancillary to the principal case, and the court still exercises its jurisdiction over the principal case regardless of the fate of the attachment proceeding. It was clearly this ancillary proceeding, in no way affecting the original jurisdiction of the court, that must have been contemplated by section 915 of the Revised Statutes. It is, however, entirely different when an attachment is issued upon a demand before due. There the court has no jurisdiction to hear and determine the principal case except by virtue of the jurisdiction obtained by the seizure of the property. There the original and substantial jurisdiction is the power to attach and sequester the defendant's property and to hold it to answer the plaintiff's demand when the same shall become due. In such a proceeding, the right to maintain the action at all rests wholly upon the success of the attachment proceeding. No suit can be maintained in any court upon such a demand under the Nebraska statute except by virtue of the seizure of the property. *Green* v. *Raymond*, 9 Nebraska, 295.

In the event that the attachment proceedings are wrongfully brought and on motion the attachment is dissolved, the court loses jurisdiction over the whole matter and cannot enter judgment on the claim after it becomes due if it was not due at the commencement of the suit. In other words, in this class of attachments the jurisdiction over the claim, not yet due, is incidental and ancillary to the original and independent jurisdiction to issue the attachment, seize and sequester the property. *Pierce* v. *Myers*, 28 Kansas, 364. *Gowan* v. *Hansen*, 55 Wisconsin, 341.

It will be noticed that sec. 915 of the Revised Statutes of the United States restricts remedies by attachment to "common law causes," while the Nebraska code authorizes such an attachment in the state court in any civil action, whether it be at common law, in equity, or founded upon a statute. The Federal statute cannot be held to carry into Federal jurisprudence the whole state law of attachments. At common law an action upon a claim not yet due was unknown. No suit could be maintained except upon a present obligation to pay.

This action, being a purely statutory proceeding, not primarily to liquidate a demand about which a controversy has arisen, but to seize and hold defendant's property to answer a claim to mature in the future about which no controversy has or could have yet arisen, does not come within the class of "common law causes" mentioned in Rev. Stat. § 915. Strictly speaking, it is not an action on the debt at all but a statutory proceeding to seize and hold property till a cause of action arises. That being the nature of this proceeding, the Circuit Court acquired no jurisdiction over it, and had no power to order the seizure of such property in a case where it had no jurisdiction of the subject matter without such seizure. The jurisdiction must exist in order to give the power to make the seizure. Such jurisdiction cannot be founded upon the seizure. The state, and not the Federal legislature, has conferred the jurisdiction to issue an original attachment, and the state legislature has power to confer it upon the State but not upon the national tribunals.

*Mr. John L. Webster, Mr. Warren Switzler* and *Mr. James McIntosh* for defendant in error.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

In this case the only question that can be considered is, under section 5 of the Court of Appeals act of March 3, 1891, 26 Stat. 826, c. 517, that of the jurisdiction of the Circuit Court. *McLish* v. *Roff,* 141 U. S. 661.

The errors assigned are, first, in overruling the demurrer; second, in holding that the court had jurisdiction to seize and sequester the property to secure the payment of a debt not yet due; third, in holding that it had jurisdiction to issue an attachment upon a demand not yet due; and, fourth, in allowing an attorney's fee. Of course, the latter matter presents no question of jurisdiction.

With respect to the other assignments, the plaintiff was a corporation created by and a citizen of the State of Ohio, and

the defendant a citizen of Nebraska. The jurisdiction of the
Circuit Court was, therefore, invoked on the ground of diverse
citizenship. By the act of March 3, 1887, 24 Stat. 552, c. 373,
as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866,
jurisdiction is given to the Circuit Courts over controversies
" between citizens of different States, in which the matter in
dispute exceeds" the sum or value of two thousand dollars.
The claim of the plaintiff was to recover $2194.13 and inter-
est. The right to recover this, or any part thereof, was chal-
lenged by the demurrer.

In *Gaines* v. *Fuentes et al.*, 92 U. S. 10, 20, this court said :
" A controversy was involved, in the sense of the statute,
whenever any property or claim of the parties capable of
pecuniary estimation was the subject of litigation and was
presented by the pleadings for judicial determination."
*Hilton* v. *Dickinson*, 108 U. S. 165.

Within the letter of the statute there was, therefore, a
controversy between citizens of different States, in which the
matter in dispute was over the sum or value of two thousand
dollars.

It matters not that, by the showing in the petition, part of
this sum was not yet due. Plaintiff insisted that it had a
right to recover all. That was its claim, and the claim which
was disputed by the defendant. Suppose there were no stat-
ute in Nebraska like that referred to, and the plaintiff filed a
petition exactly like the one before us, excepting that no
attachment was asked for, and the right to recover anything
was challenged by demurrer, would not the matter in dis-
pute be the amount claimed in the petition ? Although there
might be a perfect defence to the suit for at least the amount
not yet due, yet the fact of a defence, and a good defence,
too, would not affect the question as to what was the amount
in dispute. Suppose an action were brought on a non-nego-
tiable note for $2500, the consideration for which was fully
stated in the petition, and which was a sale of lottery tickets,
or any other matter distinctly prohibited by statute, can there
be a doubt that the Circuit Court would have jurisdiction ?
There would be presented a claim to recover the $2500 ; and

whether that claim was sustainable or not, that would be the real sum in dispute. In short, the fact of a valid defence to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defence will be presented by the defendant, or, if presented sustained by the court? We do not mean that a claim, evidently fictitious, and alleged simply to create a jurisdictional amount, is sufficient to give jurisdiction. In *Bowman* v. *Chicago &c. Railway*, 115 U. S. 611, the damages as originally stated in the declaration were $1200. By amendment they were raised to $10,000; but it being evident that the increase was simply to give this court jurisdiction on error, and not because there was really a claim for any such damages, the case was dismissed for want of jurisdiction. The authorities on this question are collected in the opinion of Chief Justice Waite; and it may be laid down as a general proposition, that no mere pretence as to the amount in dispute will avail to create jurisdiction. But here there was no pretence. The plaintiff in evident good faith, and relying upon the express language of a statute, asserted a right to recover over $2000; and that its claim was not merely specious, is shown by the fact that after a contest it did recover a judgment for the full amount that it claimed. A case much in point is that of *Upton* v. *McLaughlin*, 105 U. S. 640, 644. That was a suit brought by an assignee in bankruptcy more than two years after the cause of action accrued, and it was claimed that the trial court had no jurisdiction, because of a provision of section 5057 of the Revised Statutes of the United States, that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." But it was held that the court did have jurisdiction, and this, notwithstanding sections 55 and 57 of the Code of Civil Procedure of Wyoming, the Territory in which that litigation took place, authorized.

a defendant to demur to the petition when it appeared upon its face either that the court had no jurisdiction or that the petition did not state facts sufficient to constitute a cause of action, and also provided that these objections were not waived by not taking them by either demurrer or answer. Speaking for the court, Mr. Justice Blatchford said: "*It is contended that a petition which shows upon its face that the cause of action is barred by a statute of limitation, is a petition which does not state facts sufficient to constitute a cause of action; and that that objection, though not taken by demurrer or answer, may be taken at any time. But we are of opinion that the statutory provisions referred to cannot properly be construed as allowing the defence of a bar by a statute of limitation to be raised for the first time in an appellate court, even though the petition might have been demurred to as showing on its face that the cause of action is so barred, and thus as not stating facts sufficient to constitute a cause of action.*" In other words, it was held that although there was a perfect defence apparent upon the face of the petition, yet the court had jurisdiction — *i.e.*, the right to hear and determine; and further, in that case, that the defence was not available when suggested for the first time in the appellate court. So, here, the Circuit Court had jurisdiction, because the amount claimed was over two thousand dollars; and although it appeared upon the face of the petition that a part of the claim was not yet due, still the court had jurisdiction — the right to hear and determine whether this matter constituted a good defence to any part of the amount claimed.

But it is said that the plaintiff, in a Federal court, cannot avail himself of the right given by a state statute, to attach for a claim not yet due; that state statutes can confer no jurisdiction on the Federal courts; and that, therefore, the Circuit Court had no jurisdiction to issue the attachment in this case. Even if it were conceded that such contention were well founded, (and we express no opinion in that matter,) the result would not be as claimed, that the Circuit Court was ousted of all jurisdiction. It would be simply an instance in

which a court having jurisdiction gave to a party greater relief than he was entitled to. Surely, the court, the matter in dispute being over two thousand dollars, and therefore a controversy within its jurisdiction, has a right to hear and determine, in the exercise of jurisdiction, whether the plaintiff was entitled to this extraordinary relief. If it be conceded that it erred in granting such relief, it would be simply a matter of error, and not one of jurisdiction.

But was it error? Section 915, Revised Statutes, provides that "in common law causes in the Circuit and District Courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the State in which such court is held for the courts thereof; and such Circuit or District Courts may, from time to time, by general rules, adopt such state laws as may be in force in the States where they are held in relation to attachments and other process: *Provided,* That similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy."

It is sufficient to say that this section of the statute makes it clear that a question was presented worthy at least of the consideration of the Circuit Court, and whose determination, even though erroneous, was not sufficient to oust the court of jurisdiction.

Unquestionably, the Circuit Court had jurisdiction; and if the defendant sought to have any matter of error considered, it should have taken the case to the Circuit Court of Appeals.

*Judgment affirmed.*

MR. JUSTICE FIELD dissented.