ARMSTRONG et al. v. WALTERS.

(District Court, E. D. Pennsylvania. January 23, 1915.)

No. 2670.

1. COURTS ⊚⇒328—UNITED STATES COURTS—AMOUNT IN CONTROVERSY—DE- TERMINATION OF AMOUNT.

In actions in the federal courts, where no collusion or fictitious claim appears, the amount claimed determines the jurisdiction, though there is a defense apparent on the face of the pleadings, as the validity of such defense cannot be determined in advance.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊚⇒328.]

2. COURTS ⊚⇒328—UNITED STATES COURTS—AMOUNT IN CONTROVERSY—DE- TERMINATION OF AMOUNT.

Where on the face of the proceedings it is clear in an action in the federal courts that judgment could not be rendered for an amount which would save the jurisdiction, the suit may be dismissed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊚⇒328.]

3. COURTS ⊚⇒328—UNITED STATES COURTS—AMOUNT IN CONTROVERSY—DE- TERMINATION OF AMOUNT.

Where there is room for different theories of damage or the proper measure of damages, plaintiff is not required in his pleadings to limit him- self to any one theory; but, if he does so limit himself, the amount of his damages is to be determined by this measure.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊚⇒328.]

4. COURTS ⊚⇒328—UNITED STATES COURTS—AMOUNT IN CONTROVERSY—DE- TERMINATION OF AMOUNT.

Where, in a buyer's action for damages from the seller's breach of con- tract, the statement of claim, though it alleged a failure to deliver ship- ments to be made in August, and that the difference between the market price and the contract price at that time was $550, further alleged ne- gotiations between the parties looking to shipments thereafter, and an extension of time for shipment until December, at which time purchases were made in the open market at prices such that plaintiffs suffered a loss of $647.11, it did not appear to a legal certainty that plaintiffs' dam- ages were limited to $550, so as to require the adoption of this amount in computing the amount in controversy, as which measure of damages would be adopted was a matter which the evidence alone would disclose.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊚⇒328.]

At Law. Action by Obadiah E. Armstrong and another, copart- ners trading as Armstrong & Demarest, against James M. H. Walters, trading as J. M. H. Walters. On motion to dismiss for want of ju- risdiction because of the value of the matter in dispute. Motion dis- allowed.

Ward W. Pierson, of Philadelphia, Pa., for plaintiffs.

Johnson & Gilkyson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The question involved in this case has been razeed to one of pleading. The plaintiffs have declared upon a contract, its breach, and resultant damages. We are con-

cerned only with the averment of damages. The contract was to deliver brewers' grains at stipulated prices and in stipulated quantities in successive monthly shipments. There was a partial failure to deliver the first month's shipments and a total failure for the remaining months. Out of this general statement of the case of the plaintiffs spring suggestions of different theories of their rights, the presentation of their case, and the measure of damages. These are too obvious to require enumeration. The statement avers that plaintiffs in turn entered into contracts to sell, in order to fill which they bought in the "open market" grains to supply the place of the grains which defendant had contracted to deliver. This entailed a loss of $362.36 upon the July shipments. There is a further averment that at the time of the failure to deliver the August shipments the difference between the market price for deliveries "f. o. b. Lafayette, N. J." (the place of delivery called for by the contract), and the contract price, was $550 on the contract quantity, entailing a further loss of profit upon the plaintiffs to that amount. The statement of claim adds averments, somewhat indefinite in terms, but to the effect that there were negotiations between the parties looking to shipments after the time of performance and the extension of the August shipments until December. At this time purchases were made in the open market at prices such that the plaintiffs suffered a loss on the August shipments of $647.11. A further loss of $975 is averred to have been incurred because of default in the September shipments. The above items of damages, together with others which are not involved, raise the value of the matters in controversy to the narrow margin of $94.47 above the jurisdictional amount.

A plea to the jurisdiction has been interposed. The ground on which the jurisdiction of the court is challenged is disclosed by the fact that the difference between the market price of the grains at the time and place of delivery and the contract price was $550 on the August shipments, and the damage claimed is a loss on this shipment amounting to $647.11. The principle is invoked that, where the damages claimed are such that a legal certainty exists that they cannot be recovered, they are to be thrown out of the computation in determining the jurisdictional amount. The principle may be accepted. Its application is alone involved. The damages formally laid in the statement of claim show jurisdiction. The argument against jurisdiction proceeds upon the proposition that the proper measure of damages is the difference between the market price at the time and place of delivery of the grains contracted to be sold and the contract price, and that the statement of claim on its face discloses what this difference is, and, if the damages are so measured, the claim falls short of the required amount.

[1] The correct rule is this: The amount claimed (no collusion or fictitious claim appearing) determines the jurisdiction, for this shows the value of the matter in dispute or in controversy. The fact that there is a defense to the action, even although this may be apparent on the face of the pleadings, does not diminish the amount which is claimed, nor determine the amount in dispute. Schunk v.

Moline, 147 U. S. 505, 13 Sup. Ct. 416, 37 L. Ed. 255. To determine the validity of such defense in advance is to decide the very matter in controversy by anticipating a defense which may not be interposed.

[2] The cases cited by the defendant are authority for the doctrine that where, on the face of the proceedings, it is clear that judgment could not be rendered for an amount which would save the jurisdiction, the suit may be dismissed. In such case, however, this must appear as a legal certainty. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Put-in-Bay v. Ryan, 181 U. S. 431, 21 Sup. Ct. 709, 45 L. Ed. 927.

[3, 4] This brings us to the application of these principles to the facts in this case. The case is one for damages for breach of a contract of sale. The general or what may be called the normal measure of damages is the difference between the market price at the time and place of delivery and the contract price. It often happens, however, that this measure cannot practically be applied. Damages must in consequence be found by the jury according to such fair measure as the evidence shall disclose. This leaves room for different theories of damage, or rather of what the proper measure is. The plaintiff is not required in his pleadings to limit himself to any one theory. If, however, he does so limit himself, the amount of his damages are determined by this measure.

The argument of the defendant is that in this case the pleader had selected and applied his own measure of damages, and that thereby a legal certainty exists that he cannot recover more than such predetermined sum, which is less than the jurisdictional amount. It is true that the plaintiff has averred the market price at the time and place of delivery, and the contract price, and the amount of the difference between them, and in this sense the amount of the consequent damages. He has, however, averred more than this—the extension by him of the time of the delivery and the loss or expense to him of supplying himself at a later date with that which the defendant had agreed to furnish. As of which date the damages are to be assessed as the date of the real breach of the contract the evidence will alone disclose. The amount of the damage does not now appear to be a legal certainty to be limited to $550. It may reach $647.11. If the latter, the court has jurisdiction. If the claim of the latter raises a justiciable question, the court has jurisdiction. The test applied is in effect the demurrer test. The rule invoked is in its essence merely the application of practical common sense in the administrative policy of the law. Whenever want of jurisdiction appears, the court can go no further with the case. If it appears to a legal certainty at the outset of the case, why proceed to trial? Answering the question which this test requires, it is clear that the court cannot now find the plaintiffs cannot make good by proofs their claim of damages.

The plea to the jurisdiction is not sustained. Treated as a motion to dismiss for want of jurisdiction, it is disallowed.