Rosalie RIGGINS, Plaintiff-Appellant,

v.

Margaret K. RIGGINS, Executrix of the Estate of Leslie E. Riggins, Deceased, Defendant-Respondent.

No. 22755.

United States Court of Appeals Ninth Circuit.

Sept. 8, 1969.

Brian L. Hall (argued), Reno, Nev., Howard I. Legum, of Fine, Fine, Legum & Fine, Norfolk, Va., for appellant.

R. K. Wittenberg (argued), Reno, Nev., for appellee.

Before BROWNING and CARTER, Circuit Judges, and GRAY*, District Judge.

WILLIAM P. GRAY, District Judge:

The plaintiff appeals from an order of the district court dismissing the action for want of diversity jurisdiction on the ground that the "matter in controversy" did not exceed $10,000. 28 U.S.C. § 1331 (a).

---

* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

The facts asserted in the complaint are that the plaintiff is a citizen of West Virginia, and that she obtained a divorce in that state from Leslie E. Riggins (the decedent) on July 12, 1947. The decree of divorce required Riggins to pay alimony to the plaintiff in the sum of $150 per month. No such sums were ever paid, and Riggins died a citizen of Nevada on August 30, 1964, the amount of accrued alimony on that date being $30,750.

Thereafter, the Nevada state court, by appropriate order, allowed the plaintiff to file her claim in probate for $30,750 against the decedent's estate. The decedent's executrix and sole beneficiary was his widow, whom he had married sometime after the 1947 divorce. She rejected the claim, and the present action was brought, on February 8, 1967, against the executrix in the amount of the claim.

After the defendant's answer was filed, which pleaded Nevada's six-year statute of limitations, the plaintiff moved for summary judgment, and in the memorandum in support of such motion she conceded the applicability of the six-year limitation period prescribed in subsection 1(a) of section 11.190 of the Nevada Revised Statutes.* She thereupon reduced her demand to $10,800, the amount of alimony that had accrued during the six years immediately preceding the decedent's death.

The defendant countered with a motion to dismiss, contending that, as a matter of law, the plaintiff could not recover more than $6,450. The basis of this contention was and is that the statute of limitations bars recovery of alimony payments accruing before February 6, 1961 (the date six years before the action was filed, on February 8, 1967); that the obligation terminated on the date of death (August 30, 1964); and that as a matter

of arithmetic the intervening installments totalled $6,450.

On the basis of such a showing, the district court, in a written opinion, concluded that " * * * a person apprised of all the applicable law * * * would know from the face of the Complaint that the maximum possible judgment which could legally be rendered against the * * * executrix * * * would be * * * $6,450." He thereupon ordered the action dismissed for want of jurisdiction under the $10,000 provision of the diversity statute (28 U.S.C. § 1331 (a)).

We are unable to agree that the "matter in controversy" is limited to $6,450, and we accordingly are obliged to reverse.

The trial court gave considerable attention to the question of federal jurisdiction in this matter, and rightly so. Federal judges must always be careful to prevent themselves from being injected into any litigation that is the sole province of a state court; and the increasing burden of litigation properly brought in federal court adds to the necessity of making certain that each particular case is properly there and rejecting it if it is not. However, here diversity of citizenship is apparent, and the plaintiff is entitled to her chosen forum if her case presents a sufficient amount in controversy.

■ The basic rule is that, for jurisdictional purposes, the amount in controversy is measured by the amount of the claim. Schunk v. Moline, etc. Co., 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255 (1893); McDonald v. Patton, 240 F.2d 424 (4th Cir. 1957). This rule is subject to the qualification that the amount of the claim must appear to be in good faith and not fictitiously asserted simply to allege a sum sufficient for federal jurisdiction. Schunk v. Moline, etc. Co.,

---

* "Nevada Revised Statute 11.190 Periods of limitations prescribed. Actions * * * can only be commenced as follows:
  1. Within 6 years:

(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

*supra*; Davenport v. Mutual Benefit Health & Accident Association, 325 F.2d 785 (9th Cir. 1963); McDonald v. Patton, *supra*.

In the present case, the amount claimed in the complaint is $30,750, which is acknowledgedly the sum accrued and unpaid. There is no apparent reason to suspect the good faith of the plaintiff in asking for this amount, and it is worthy of note that the defendant, in her answer, admitted the plaintiff's allegation that the matter in controversy exceeded $10,000. It is true, as the defendant now contends, that the lack of federal jurisdiction cannot effectively be overcome by agreement of the parties. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934). However, the fact of such admission by the defendant is highly pertinent to the matter of the plaintiff's good faith in her claim as to jurisdiction.

A further qualification of the basic rule for determining diversity jurisdiction has been stated to be that " * * * if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. * * * However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff." McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957).

We suggest in this opinion some of the reasons why we believe it to be far from certain that the plaintiff cannot recover more than $10,000 in this action.

In the first place, it occurs to us that a valid question arises as to whether the Nevada six-year statute of limitations (N.R.S. § 11.190, set out in the margin, *supra*) should be applied to reduce the plaintiff's original claim at all. The decedent and the plaintiff once were husband and wife, and they lived together in West Virginia. The decree of divorce imposed upon the decedent a continuing obligation that stemmed from the marital relationship and which was to be fulfilled right there in the matrimonial domicile. Consistent with the allegations of the complaint, the fact may have been (and according to the plaintiff's later submitted affidavit, was) that the decedent left the state of the marital domicile immediately after the divorce, altogether ignoring his responsibility under the decree. Presumably, as long as the decedent remained away from West Virginia, no statute of limitations of that state ran against any of the successive unpaid monthly installments. Thus, the plaintiff could remain at home and let her claim accumulate, as long as she was willing to rely upon the prospect of someday finding the decedent in West Virginia. Of course, the death of the decedent terminated any such prospect, and the plaintiff became obliged to proceed against the estate. The question now is whether, at all times since 1947, the plaintiff was obliged to seek to follow her errant former husband into whatever state she could find him, and there sue him at least once during the statutory period of limitations prescribed by that state, at the peril of losing forever the right to recover sums accruing during such period. The "judgment" here concerned does not stem from a transaction between strangers, nor does it involve a single payment obligation that would be completely disposed of in a single action. We agree with the district court that the law of Nevada, being the state of the forum, applies. But the question remains as to what is the law of Nevada under these circumstances, bearing in mind the conflicts of laws problems that are here presented. The determination of this question is initially a responsibility of the trial court in considering the validity of the defense asserted. In doing so, upon remand, he should also determine the effect of the plaintiff's subsequent acknowledgement of the applicability of Nevada's six-year statute and the cor-

responding reduction of her claim. These questions go to the merits of the case, but they do not inherently answer themselves to the point of establishing or necessarily suggesting the lack of good faith of the plaintiff in bringing her action in federal court.

■ Even assuming the applicability of Nevada's six-year statute, the extent to which it would reduce the plaintiff's recovery below the $30,750 initially claimed may well depend upon when the decedent first made his home in that state, and upon the extent to which he later absented himself therefrom (Cf. Nevada Revised Statutes § 11.300). None of these facts are disclosed by the complaint; the court must resolve them in determining the validity of the defense of the statute of limitations; and the possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy. Schunk v. Moline, etc. Co., 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255 (1893).

The parties appear to agree that if the plaintiff had brought an action against the decedent on the day before his death, the Nevada statute of limitations would have permitted a recovery of at least $10,800. A probate claim speaks as of the date of death, and the parties, in their briefs, agree that the suit here concerned is an action on the claim. This being so, and if, as appears, such action on the claim was timely brought, we are unable to understand from the briefs of the parties why it is that the six-year statute of limitations must be measured from the date that the action was filed rather than from the date of death.

The parties have referred us to paragraph 2 of Nevada Revised Statutes § 11.310, which provides that:

"If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within 1 year after the issuing of letters testamentary or of administration; * * *."

Even assuming that Nevada's six-year statute, standing alone, would be interpreted to bar recovery of all installments accruing more than six years *prior to the date the action was filed*, the inexorable monthly shrinking of the permitted recovery pending the filing of the complaint would appear to be stayed during the period prescribed by § 11.310. We do not know from the complaint (nor from anything else in the record or the briefs) when letters testamentary were issued. Here again, it is a question of fact whether the recoverable installments, computed in light of § 11.310, would be increased from $6,450 to more than $10,000.

■ We do not purport here to decide any of the questions herein above discussed. We present them only to show that a good faith claim can be made that the plaintiff's recovery under the complaint would not inherently be limited to to $10,000 or less. Under these circumstances, the district court had authority to take jurisdiction over the case, to resolve all of the pertinent factual and legal issues raised by the complaint and the defenses thereto, and to render judgment accordingly on the merits, irrespective of the amount of the resulting award, if any. Cf. 1 Moore's Federal Practice, § 0.92[1], pp. 836–837 (2d Edition).

The judgment of dismissal entered by the district court is reversed and the case remanded for further proceedings consistent with this opinion.