Robert Scotty **IRBY**, Plaintiff,

v.

**FRED'S STORES OF TENNESSEE, INC., d/b/a/ FRED'S PHARMACY, et al., Defendants.**

Civil Action No. 3:95–cv–620WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 28, 1997.

W.O. Chet Dillard, John Arthur Eaves Law Office, Jackson, MS, for Plaintiff.

James D. Holland, Page, Kruger & Holland, P.A., Jackson, MS, Douglas G. Mercier, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are motions for summary judgment filed by both parties to this lawsuit. Both motions are filed pursuant to Rule 56(c),[1] Federal Rules of Civil Procedure; plaintiff's under Rule 56(a);[2] defendants' pursuant to Rule 56(b).[3] In the motions, each movant claims to be entitled to a judgment based upon the undisputed material facts. Plaintiff here is Robert "Scotty" Irby, a former employee of defendant Fred's Stores of Tennessee, Inc., doing business as Fred's Pharmacy, 5060 Parkway Drive, Jackson, Mississippi. The original defendants were: Fred's Stores of Tennessee, Inc., (hereinafter "Fred's"), a foreign corporation doing business in the State of Mississippi; and Gary McFerrin, the Vice–President of Acquisitions for Fred's Pharmacy. On August 22, 1994, defendant Fred's terminated plaintiff's employment. Aggrieved over the discharge, plaintiff filed this lawsuit, principally alleging that in firing him the defendants breached an employment contract which existed between the parties. Defendants dispute plaintiff's assertion that the parties here were bound by a written contract of employment; rather, say defendants, plaintiff's employment was an employment-at-will, a status which cannot support any of plaintiff's claims for relief in his complaint against Fred's.

This lawsuit was filed in the Mississippi Chancery Court of the First Judicial District of Hinds County, Mississippi, on July 11, 1995. The defendants removed this lawsuit from that state court to this federal forum on August 10, 1995, on the basis of diversity of citizenship under Title 28 U.S.C. §§ 1332,[4] 1441,[5] alleging that the only defendant non-diverse in citizenship to that of plaintiff, Gary McFerrin, was fraudulently joined to defeat diversity.[6] Fred's alleged that both plaintiff and defendant McFerrin are citizens of Mississippi, although plaintiff neglected to assert his citizenship in his complaint. Subsequent to defendants' removal of this action to this court, plaintiff filed a motion to remand, challenging Fred's contention that plaintiff had no cause of action against McFerrin. On March 7, 1996, this court entered an order reflecting plaintiff's request to withdraw his motion to remand. This court construed

1. Rule 56(c) of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

2. Rule 56(a) of the Federal Rules of Civil Procedure provides:

> (a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

3. Rule 56(b) of the Federal Rules of Civil Procedure provides:

> (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

4. Title 28 U.S.C. § 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—
> (1) citizens of different States;

5. Title 28 U.S.C. § 1441 provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

6. Fraudulent joinder exists where the removing party has proven "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

plaintiff's request as confessing Fred's basis for removal that plaintiff had not articulated in his complaint any cause of action against McFerrin.[7] Indeed, had this court reasoned otherwise, this court would not have subject matter jurisdiction over this lawsuit. *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985) (questions of subject matter jurisdiction may never be waived, nor can jurisdiction be conferred by conduct or consent of the parties); *A.L. Rowan & Son, General Contractors, Inc. v. Department of Housing and Urban Development,* 611 F.2d 997, 998 (5th Cir.1980) (jurisdiction of U.S. District Courts is limited and cannot be extended by consent or waiver); *Warren G. Kleban Engineering Corp. v. Caldwell,* 490 F.2d 800, 803 (5th Cir.1974) (parties may not confer upon the federal courts that jurisdiction which Congress has withheld by either silence or agreement). With McFerrin's dismissal from this lawsuit, the sole defendant is Fred's. Since plaintiff and Fred's are of diverse citizenship, and since plaintiff seeks an award of damages in excess of $50,000.00, this court has jurisdiction over this lawsuit pursuant to Title 28 U.S.C. § 1332. Naturally, inasmuch as diversity of citizenship is this court's authority for exercising jurisdiction, the court, pursuant to the dictates of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies the substantive law of Mississippi to this dispute. For the reasons which follow, this court is persuaded to deny plaintiff's motion for summary judgment, but grant that of defendants'.

### Facts

On or about March 11, 1994, Fred's, acting through its agent, Gary McFerrin, entered into a contract with Colonial Discount Pharmacy to purchase its inventory. Plaintiff, the President of Colonial Discount Pharmacy (hereinafter "Colonial") signed the Sale and Purchase Agreement on behalf of Colonial. After Fred's assumed control of Colonial, Fred's hired plaintiff as the general manager for the store. Later, Fred's relocated plaintiff to another pharmacy in the City of Jack-

son, Mississippi. Although plaintiff says he was greatly troubled by his transfer to a new pharmacy site, a site situated in a dangerous area of town, he claims he served the public and Fred's well. Nevertheless, claims plaintiff, on August 22, 1994, Fred's discharged him. In a document entitled "Fred's Employee Reason For Separation," Fred's, speaking through Gary McFerrin, gives the reason for plaintiff's discharge as "customer service not up to Fred's standards."

### Standard for Summary Judgment

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Evans v. City of Marlin, Texas,* 986 F.2d 104 (5th Cir.1993). So, then, pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is mandated in any case where either a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof, *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), or if the evidence favoring the non-moving party is insufficient for a jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In reviewing the propriety of summary judgment, this court must look to the pleadings, depositions, admissions and answers to interrogatories, as well as affidavits to determine whether a genuine issue of material fact exists. *Evans,* 986 F.2d at 107. When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To that end, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v.*

---

**7.** At oral argument, plaintiff confirmed this point, as plaintiff announced that he was dismissing all claims against defendant McFerrin.

*Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

### Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment was filed May 28, 1996. On November 28, 1995, this court entered a case management order requiring all parties to file all dispositive motions by May 13, 1996. Plaintiff's motion for summary judgment was filed past this date. Defendant Fred's has noticed this fact and asks the court to dismiss plaintiff's motion on this basis, among others. Moreover, at oral argument, plaintiff announced to the court that he was voluntarily withdrawing his motion for summary judgment. Therefore, finding that plaintiff's motion was tardy and violative of the case management deadlines and finding that plaintiff voluntarily wishes to withdraw the motion, this court hereby denies plaintiff's motion for summary judgment in all its particulars.[8] *Edwards v. Cass County, Texas*, 919 F.2d 273, 275 (5th Cir.1990) (because the district court has broad discretion in controlling its own docket, which includes the ambit of scheduling orders and the like, it is not an abuse of discretion to refuse to consider a summary judgment motion after the expiration of a deadline).

### Defendant's Motion For Summary Judgment

■ The sole issue to be resolved on defendant's motion for summary judgment is whether defendant Fred's breached a contract of employment with plaintiff.[9] Plaintiff contends he had a written contract of employment. Defendant challenges this assertion, arguing that plaintiff had no written contract and was but an employee-at-will.

In his response to defendant's motion for summary judgment, plaintiff points to a letter to him written March 21, 1994, by Gary E. Hendren, Vice–President of Fred's. The letter in its entirety is reproduced below:

Dear Robert:

As you know, Colonial Discount Pharmacy, Inc. has sold some assets to Fred's Pharmacy. Further, you agreed to be employed by Fred's Pharmacy commencing April 1, 1994 upon such terms as have been mutually agreed to by yourself and Fred's Pharmacy.

Further, as you and Fred's Pharmacy have agreed, if you remain in the employment of Fred's Pharmacy at 5060 Parkway Drive, Jackson, Mississippi, at the end of twelve (12) consecutive months (March 31, 1995) from the anniversary date of your employment, a "one (1) time only" bonus shall be paid to you if the number of prescription sales in *Fred's Pharmacy, 5060 Parkway Drive, Jackson, Mississippi* (to be counted as a prescription sale, the prescriptions must average $20.00 or more retail price per prescription and no will-call prescriptions will be counted if not picked up within 14 days of being filled) averages for the following scale:

$10,000.00 = for 30,800 RX's

Normal bonuses, if any, will apply after first year. Said prescriptions must average a retail price of $20.00 or more and no will-call prescriptions will be counted if not picked up within 14 days of filing (sic).

Both you and Fred's Pharmacy acknowledge and agree that the Sale and Purchase Agreement of various assets and this letter *are not* a contract of employment. Immediate dismissal may occur if there is a violation of the policies, procedures, and practices of Fred's, violation of law, and/or violation of Pharmacy Profession and/or all state and federal Pharmaceutical Boards and Agencies.

Very truly yours,

Gary E. Hendren

Vice President

---

**8.** Of course, in view of the court's ultimate holding to grant defendant's motion for summary judgment, the court would have denied plaintiff's motion based on the law and the undisputed material facts, since plaintiff's motion, based on the same facts and law, is diametrically opposed to defendant's.

**9.** Plaintiff's complaint also alleges state law claims of libel and slander. At oral argument, plaintiff announced that he was abandoning these claims.

Plaintiff relies upon the following portions of the letter:

"As you know, Colonial Discount Pharmacy, Inc. has sold some assets to Fred's Pharmacy. Further, you agreed to be employed by Fred's Pharmacy commencing April 1, 1994 upon such terms as have been mutually agreed to by yourself and Fred's Pharmacy."

According to plaintiff, the agreement signed by Hendren and Fred's further sets forth the terms of the bonus to be paid at the end of twelve months and that the last paragraph thereof sets forth the terms of dismissal as follows:

"Immediate dismissal may occur if there is a violation of the policies, procedures, and practices of Fred's, violation of law, and/or violation of Pharmacy Profession and/or all state and federal Pharmaceutical Boards and Agencies."

Plaintiff argues that this instrument establishes that there is no genuine, disputed issue whether Irby was employed and that there is no genuine, disputed issue that he was fired for failing to meet Fred's standards which, says plaintiff, were not a cause for dismissal as agreed in writing.

Defendant, on the other hand, emphasizes the language in the letter which states:

"Both you and Fred's Pharmacy acknowledge and agree that the Sale and Purchase Agreement of various assets and this letter *are not* a contract of employment."

In addition, Fred's points to plaintiff's testimony given at his deposition whereat plaintiff acknowledged he had no contract with defendant and that defendant could terminate his employment at any time. Plaintiff's testimony, given January 18, 1996, was as follows:

Q. All right. Did you agree in this letter of March 14th, 1994, that you did not have a contract of employment with Fred's?

A. I did not have a contract, but I was denied the right to the bonus because I was demoted to south Jackson.

\* \* \*

Page 70 (lines 7–12).

Q. And you were aware, though, were you not, from Exhibit 3 (Gary E. Hendren's letter of March 21, 1994, to plaintiff) that Fred's could terminate your relationship with it at any time?

A. That's correct.

Q. Okay. And did anybody with Fred's ever tell you that they could not terminate you unless they had a good reason to?

A. No.

Q. Okay. And in your understanding of your relationship with Fred's, who would make the decision as to whether or not you were in violation of any of Fred's policies, procedures, or practices?

A. I guess Mr. McFerrin.

Q. Is there anything about your relationship with Fred's that would have prohibited you from quitting at any time?

A. Repeat that again now.

Q. Was there anything about your relationship with Fred's that would prohibit you from quitting your work at the store at any time?

A. No.

Q. Was there anything about your relationship with Fred's that would prohibit Fred's from quitting the relationship at any time?

A. Well, we've already discussed that. I think it was obvious that they wanted to, you know, get rid of me.

Q. That wasn't my question, though, sir. Let me make sure. I may not have said it very well. Do you agree with me there was nothing about your contractual relationship with Fred's that would have prohibited Fred's from firing you at any time?

A. I still don't understand. Give it to me one more time.

Q. That's no problem. I want to make sure you understand. Don't answer until you do. My question is this: Are you aware of any agreement you had with Fred's that would prohibit them

from firing you when they got ready to?

A. No.

Page 71 (lines 17–25); page 72 (lines 1–25); page 73 (lines 1–8).

■ Plaintiff lastly relies upon the following document in his response to defendant's motion for summary judgment:

3/11/94

I, Robert W. Irby, President of Colonial Disc. Pharmacy, Inc. do agree to sell to Fred's Disc. Stores of Tenn. Inc for inventory plus $30,000 cash plus March rent of $1399.00 on March 22nd, 1994.

This agreement is based on employment with Fred's as store pharmacy manager with a 1 year contract as discussed with Gary McFerrin also include Perry W. Johnston as pharmacist part-time ≤ 1 year contract.

Robert W. Irby

President, Colonial Disc.

Pharmacy, Inc.

3/11/94

Discussed & agreed to

By Perry W. Johnston, V.P.

Defendant quickly and correctly points out that this document was written and signed only by "Robert W. Irby" as "President, Colonial Disc. Pharmacy, Inc." No representative of defendant signed the letter, nor is there any proof defendant ever adopted or ratified the terms of this letter. Thus, this court does not construe this letter as a contract of employment. *Thomas v. Bailey,* 375 So.2d 1049, 1051 (Miss.1979) (a contract must be specific and distinct in its terms, plain and definite in its meaning and must show with certainty that the minds of the parties had met and mutually agreed as to all details upon the offer made upon the one hand, and accepted upon the other); *Koenig v. Calcote,* 199 Miss. 435, 454, 25 So.2d 763, 767 (1946) (quoting 12 C.J.S., Cancellation of Instruments, § 38) (where a party with knowledge of facts entitling him to rescission of a contract or conveyance, afterward without fraud or duress, ratifies the same he has no claim to relief of cancellation).

This court finds, then, that neither plaintiff's document of March 11, 1994, nor Gary E. Hendren's letter of March 21, 1994, constitutes a contract. Further, the court is persuaded by plaintiff's deposition testimony that no written contract existed between the parties. Instead, this court is persuaded that plaintiff's employment with defendants was one of employee-at-will.

■ Mississippi law defines an employment-at-will as follows:

Absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible.

*See Shaw v. Burchfield,* 481 So.2d 247, 254 (Miss.1985).

■ Defendant says it discharged plaintiff because plaintiff's work performance failed to meet the customer service standards of Fred's. This court finds that this reason is not one condemned by Mississippi's jurisprudence interpreting the employment-at-will doctrine. *McArn v. Allied Bruce–Terminix Co., Inc.,* 626 So.2d 603, 607 (Miss.1993) (there should be in at least two circumstances a narrow public policy exception to the employment at will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act … shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer).

Therefore, finding that plaintiff's status was that of an employee-at-will, and finding that the reason defendant gives for discharging plaintiff was not one falling outside an employer's prerogatives under the employment-at-will doctrine, this court grants summary judgment to defendant. Defendant has persuaded this court that pursuant to the undisputed material facts it is entitled to a verdict in its favor. *Celotex Corporation v.*

*Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that defendant's motion for summary judgment be granted and that this case in its entirety be dismissed with prejudice. Plaintiff's motion for summary judgment is denied. This court will enter a separate judgment in accordance with the local rules.