**Joseph LAMKE, Plaintiff,**

v.

**SUNSTATE EQUIPMENT CO., LLC, Defendant.**

**No. C–03–4956 EMC.**

United States District Court,
N.D. California.

May 24, 2004.

Lisa R. Roberts, McNamara, Dodge, Ney, Beatty & Slattery, Walnut Creek, CA, for Plaintiff.

D. Gregory Valenza, Shane K. Anderies, Jackson Lewis LLP, San Francisco, CA, for Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (Docket Nos. 12, 18)**

CHEN, United States Magistrate Judge.

Having considered the parties' briefing and accompanying submissions, as well as the oral argument of counsel, the Court hereby DENIES Plaintiff Joseph Lamke's motion to remand. The Court also denies Mr. Lamke's request for attorney's fees pursuant to 28 U.S.C. § 1447(c).

## I. FACTUAL & PROCEDURAL BACKGROUND

On September 29, 2003, Mr. Lamke filed suit against Defendant Sunstate Equipment Co., LLC ("Sunstate"). More specifically, Mr. Lamke asserted claims for (1) negligence, (2) breach of implied contract, (3) breach of the covenant of good faith and fair dealing, (4) fraud and deceit, and (5) wrongful termination in violation of public policy. Subsequently, Sunstate removed the case to federal court and Mr. Lamke then filed a motion to remand to state court. This is the motion currently pending before this Court.

In his complaint, Mr. Lamke alleges the following facts: He was employed by Sunstate as a sales manager for almost five years and had a history of positive reviews and promotions with the company. *See* Compl. ¶¶ 1, 7. In spite of this, on or about August 22, 2002, Mr. Lamke was terminated based upon allegations of drug use about which Sunstate did not properly inform him (*e.g.*, failing to identify the individual who made the allegations), which were not substantiated, which Sunstate failed to investigate properly, and which he was not allowed to contest. *See id.* ¶ 6. Sunstate's actions were contrary to its policy of fair and equal treatment of employees as expressed in its employee handbook as well as its oral representations. *See id.* ¶ 8.

Because of Sunstate's actions, Mr. Lamke "suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, pension benefits[,] and other employee benefits which he would have received had defendants not negligently terminated him." *Id.* ¶ 9. In addition, Mr. Lamke "also suffered extreme emotional distress, including humiliation, embarrassment, anxiety and emotional injuries in an amount in excess of the minimum jurisdiction of [the Contra

Costa superior court]." *Id.* For the claims of fraud/deceit and wrongful termination, Mr. Lamke also asserts a claim for punitive damages. Mr. Lamke's complaint does not include a prayer for relief for a specific amount of damages.

## II. DISCUSSION

### A. Motion to Remand

In his motion, Mr. Lamke argues that the Court should remand his case to state court because the basis for Sunstate's removal was diversity jurisdiction, but the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332. Mr. Lamke does not dispute Sunstate's claim in its notice of removal that he was making $78,000 per year at the time he was terminated. Also, Mr. Lamke does not dispute that, since he was terminated in August 2002 and he filed his complaint in September 2003, his damages theoretically would be one year's worth of income, *i.e.*, $78,000. Mr. Lamke asserts, however, that Sunstate's removal was not proper because Sunstate

overlook[ed] the fact that [he] obtained alternate employment less than a month after he was wrongfully terminated by Sunstate. Thus[,] Plaintiff's damages are not one year's worth of income, but the difference between his current and former earnings (approximately $10,000 + benefits + bonuses), plus lost wages for one month in which he was not employed. This amount is closer to approximately $35,000....

Mot. at 3.

In opposition, Sunstate argues that Mr. Lamke's claim for economic damages alone exceeds $75,000 for three reasons. First, Mr. Lamke has asked for compensation not only with respect to his salary but also with respect to benefits and bonuses. Second, Mr. Lamke seeks not only "back pay" but also "front pay." Finally, Mr. Lamke's substitute employment should not reduce the amount in controversy because "plaintiff's mitigation of damages by obtaining replacement employment is an affirmative defense" which does not affect the amount in controversy. *See* Opp'n at 4.

Sunstate also argues that the Court must take into account Mr. Lamke's claim for compensatory damages. For example, Mr. Lamke has claimed that he had to pay for the medical expenses for his daughter's leukemia treatment. In addition, Mr. Lamke asserts in his complaint that he suffered extreme emotional distress in an amount in excess of the minimum jurisdiction of the state court. *See* Compl. ¶¶ 9, 18, 24, 33. Because Mr. Lamke invoked the unlimited jurisdiction of the state court, there is more than $25,000 at issue. *See* Cal.Code Civ. P. §§ 85–86 (providing that, in *limited* civil case, amount in controversy cannot exceed $25,000).

Finally, Sunstate argues that the Court must take into account Mr. Lamke's claim for punitive damages.

### 1. Legal Framework

In a complaint for money damages, a plaintiff often demands a judgment against the defendant for a specific dollar amount. *See Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 375 (9th Cir.1997). In such a situation, when the case is based on diversity jurisdiction, a court simply reads the ad damnum clause to determine whether the matter in controversy exceeds the requisite amount, currently $75,000, exclusive of interest and costs. *See id.* "If the claim was apparently made in good faith, then the sum claimed by the plaintiff controls for removal purposes unless it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (internal quotation marks omitted).

There are instances, however, when a plaintiff's complaint does not state a specific dollar amount at issue because of state law. California Code of Civil Procedure § 425.10(b) provides that the amount of damages shall be stated in the complaint unless the action is one to recover actual or punitive damages for personal injury or wrongful death, in which case the amount shall not be stated. *See* Cal.Code Civ. P. § 425.10(b). When the complaint does not demand a specific dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer,* 116 F.3d at 376; *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996) (adopting preponderance of evidence standard). Under this burden, the defendant must establish that it is more likely than not that the amount in controversy exceeds $75,000. *See id.* If a defendant offers no facts whatsoever to show that the amount in controversy exceeds the jurisdictional amount, then the amount in controversy requirement is not satisfied. *See Singer,* 116 F.3d at 376.

The Ninth Circuit has established the following framework for determining the amount in controversy on removal. First, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377; *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir.1993) (holding that it was facially apparent from complaint that jurisdictional amount exceeded given claims were for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses; contrasting this case to another in which it was not facially apparent that jurisdictional amount was exceeded since that case involved only damages for the skin rashes and lost income of small-scale Columbian fishermen); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F.Supp. 44, 46 (M.D.N.C.1996) ("[U]ntil jurisdiction becomes determinate, the court may consider any evidence of the amount in controversy.").

### 2. *Analysis*

In the instant case, Mr. Lamke's complaint does not state a specific dollar amount with respect to the money damages sought, with the exception of his claim for emotional distress which is more than $25,000. Because it is not facially apparent that the jurisdictional amount is in controversy, even with this claim for more than $25,000, the Court may consider evidence relevant to the amount in controversy at the time of removal.

As noted above, Mr. Lamke does not dispute that he was making $78,000 per year at the time that he was terminated and that, given the time that he filed his complaint, his damages theoretically would be at least one year's worth of income. However, the Court agrees with Mr. Lamke that this $78,000 figure does not necessarily establish the jurisdictional amount in controversy since his entitlement to lost wages may be reduced by his alternative employment. *See* Lamke Decl. ¶ 3 ("Approximately one month after my termination from SUNSTATE, I obtained alternate employment at the annual rate of $70,000, later reduced to $66,000 . . . .").

Sunstate argues that mitigation of damages is an affirmative defense that does not affect the amount in controversy. While there is case law holding that potential defenses to a claim do not affect the amount in controversy, *see, e.g., Scherer v. Equitable Life Ass. Soc'y of U.S.,* 347 F.3d 394, 396–97 (2d Cir.2003) (holding that district court improperly employed preclusion

doctrines to "pare down" amount in controversy because affirmative defenses asserted on merits may not be used to whittle down amount in controversy), the Court does not find this case law persuasive in light of the Ninth Circuit's opinion in *Riggins v. Riggins*, 415 F.2d 1259 (9th Cir.1969). In *Riggins*, the Ninth Circuit considered whether the statute of limitations would render the plaintiff's claim less than the jurisdictional amount. Notably, the court engaged in an analysis of the facts and applicable state law before concluding that it could not say to a legal certainty that the plaintiff could not recover more than the jurisdictional amount. *See id.* at 1261–62. Because the Ninth Circuit examined the facts and circumstances with respect to an arguable defense of statute of limitations, even in the context of the more demanding "legal certainty" test, it follows *a fortiorari* that this Court should engage in an inquiry into the facts with respect to mitigation of damages under the preponderance of the evidence test applicable here. This is especially appropriate since, in assessing a motion to remand in a removal case, the Court is directed to examine summary-judgment type evidence. *See Singer*, 116 F.3d at 376.

■ Based on Mr. Lamke's representation to the Court, he sustained $35,000 in economic damages up to the filing of the complaint (taking into account the alternative employment). *See* Mot. at 3. In addition, Mr. Lamke's complaint alleges, in effect, that he sustained more than $25,000 for emotional distress. Therefore, there is at least $60,000 in damages at issue, without taking into account (1) future economic damages (from the filing of the complaint and on), (2) compensatory damages such as loss of benefits and out-of-pocket medical expenses for the leukemia treatment of Mr. Lamke's daughter that he had to obtain after losing the job, and (3) punitive damages.[1] The Court stated at the hearing on the motion to remand that taking these factors into account would likely take Mr. Lamke past the $75,000 jurisdictional amount but indicated that it would be inclined to permit limited discovery on the issue of jurisdiction if necessary.

In response, Mr. Lamke's counsel indicated she was disinclined to engage in such discovery and stated that she would withdraw Plaintiff's motion to remand. A party, of course, cannot waive subject matter jurisdiction. *See Chicago, Burlington & Quincy Ry. Co. v. Willard*, 220 U.S. 413, 419–20, 31 S.Ct. 460, 55 L.Ed. 521 (1911) (holding that appellate court properly considered issue of whether there was jurisdiction in case even though plaintiff withdrew and did not renew his motion to remand to state court but went to trial in federal court without objection; jurisdiction cannot be waived); *Ricks v. North Am. Van Lines, Inc.*, 2004 WL 228955, *1 Section: "A" (5), 2004 U.S. Dist. LEXIS 1608, at *1 n. 1 (E.D.La. Jan. 30, 2004) (noting that plaintiffs withdrew their motion to remand "asserting that withdrawal of the motion would reduce litigation expenses and save time" but conducting inquiry into jurisdiction nevertheless because it cannot be waived). However, Mr. Lamke's withdrawal of the motion was, in

---

1. Regarding punitive damages, the Court notes that Sunstate has asked the Court to take judicial notice of three jury verdicts. The Court shall take judicial notice of the verdicts but concludes that only one of the cases, *see* RJN, Ex. B, involves facts arguably similar to those in the instant case. *See Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D.Cal.2000) (stating that, "[i]n order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts"). However, resolution of the issue before the Court does not turn on the punitive damages claim.

view of the context of the hearing herein, tantamount to a concession that Sunstate's basis for removal was correct—*i.e.*, that more likely than not there is more than $75,000 at issue. *See Irby v. Fred's Stores of Tenn., Inc.*, 967 F.Supp. 187, 188–89 (S.D.Miss.1997) (noting that court construed plaintiff's request to withdraw motion to remand as confessing that basis for removal was correct—as it had to since jurisdiction cannot be waived); *Art Midwest, Inc. v. Clapper*, No. 3:99–CV–2355–R, 2003 WL 22840021, at *1, 2002 U.S. Dist. LEXIS 20555, at *4 (N.D.Tex. Oct. 24, 2002) (noting that, even though jurisdiction cannot be waived, plaintiffs' stipulation did not constitute a waiver of jurisdiction but rather resolved an underlying issue of fact that contributed to existence of federal diversity jurisdiction).

There was certainly a basis in evidence for this concession. In the parties' joint case management conference statement, Mr. Lamke claimed damages in the amount of approximately $71,000. However, future economic damages such as front pay were not included in Mr. Lamke's calculations, nor were punitive damages and out-of-pocket medical expenses. Most importantly, in deriving his calculation of damages in that statement, Mr. Lamke listed his emotional distress damages as $15,000, but in his complaint, he claimed, in effect, more than $25,000. The additional $10,000 puts damages, even as claimed by Mr. Lamke, over $80,000.

B. *Request for Attorney's Fees*

In his motion to remand, Mr. Lamke asks the Court to award him the attorney's fees and expenses incurred in bringing his motion to remand. Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court has discretion in deciding whether to award costs and expenses pursuant to the statute. *See Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir.1992) (taking note of "wide discretion"). Because the Court is not remanding this case, the request for attorney's fees is denied.

### III. CONCLUSION

Mr. Lamke's motion to remand is DENIED as is his request for attorney's fees. In addition, the Court GRANTS Sunstate's request for judicial notice discussed herein. This order disposes of Docket Nos. 12 and 18.

IT IS SO ORDERED.